LOTTINGER, Judge.
This is a suit for a writ of sequestration. Defendant reconvened, seeking to dissolve the sequestration, and asked for damages *462 for wrongful issuance of the writ. After a hearing, the trial court resolved the issue of ownership and found that the sequestration was not wrongfully issued. Defendant has appealed.
In October of 1979 Charles Haase, a part-time builder of racing vehicles, and George Donaldson, a competition driver of dragsters, agreed to pool their resources in an effort to build the top fuel dragster in question. Plaintiff Haase would construct the chassis and body of the car and the defendant would furnish the engine. Both parties performed the work assembling and constructing the vehicle at the plaintiff’s shop in New Orleans. On April 27,1980 the parties attended the Cajun Nationals in Baton Rouge, where the racing vehicle was entered into competition. Immediately after the competition, defendant decided to keep the racing vehicle in Baton Rouge over the weekend. When the vehicle was not returned to New Orleans on the following Monday, several phone calls from plaintiff to defendant were unsuccessful in having the vehicle returned to New Orleans. The plaintiff was informed by the defendant that the car was in the hands of a third party and it was not going back to New Orleans at any time. At that point, plaintiff instituted the present proceeding. The trial court found that the plaintiff was the owner of the car as a whole and ordered the vehicle released to him. The court further held that the engine, transmission, wheels, tires, and parachute cables were the property of the defendant, and these were ordered returned to him.
In appealing defendant-appellant assigns four specifications of error:
I. The judgment signed by the Trial Court on September 3, 1980, was not accurately reflective of the order of the court at trial on August 28, 1980, in that it failed to award to Appellant the wheels and tires.
II. The judgment signed on September 3,1980 is inexact in that it fails to specify which are motor and transmission parts.
III. The Trial Court erred in declaring that the sequestration of the vehicle was not wrongful because Appellee “owned” the vehicle. The judgment clearly was that Appellee owned only part of the vehicle, and testimony at trial established that the value of Appellant’s and Appel-lee's parts were nearly equal.
IV.The Trial Court erred in admitting and relying on, over the objection of Appellant’s counsel, hearsay documents such as receipts and invoices purporting to be for parts used in the building of the machine.
ASSIGNMENT OF ERROR NO. 1
An examination of the record points out that the trial court did award the wheels and tires to the defendant, and that these items were left out of the judgment signed on September 3, 1980. Therefore, the judgment will be amended accordingly.
ASSIGNMENT OF ERROR NO. 2
Defendant claims that the judgment rendered was not sufficiently explicit so as to provide certainty as to what parts composed the engine and transmission.
In response to plaintiff’s interrogatories the defendant did list the complete shifter, the fuel injection fuel pump metering valve, and the idle bypass valve in the list of parts he had purchased. Response to these interrogatories was not questioned by the plaintiff.
From a complete review of the record we conclude that the complete shifter should logically be included as part of the transmission, and that the metering valve and idle bypass valve are concomitant to the engine and must be awarded to the defendant. However, we are also of the opinion that the fuel injection fuel pump intake hose, the coupler, and the retaining accessories are not truly part and parcel of the engine or transmission and must remain with the plaintiff. The judgment will be amended accordingly.
ASSIGNMENT OF ERROR NO. 3
Sequestration is intended to allow a claimant to prevent the destruction, waste *463 or alienation of property he alleges is his during the pendency of the demand. La.C. C.P. art. 3571. Plaintiff alleged that the defendant threatened to dispose of or destroy the vehicle. This Court is impressed, as was apparently the trial court, that plaintiff was not worried for the safety or welfare of the chassis or body of the car, but for the car as a whole.
The issue is what components of the vehicle belonged to whom. It was necessary that the plaintiff cause the entire vehicle to be sequestered so that the parties could litigate what pieces of the vehicle belonged to each. In Donald v. Glazer, 194 So.2d 176 (La.App.2nd Cir.1967), the court held that where two withdrawing partners had proprietary interest in partnership property under the exclusive management of another partner and where the identity of the orn-ership of some of this property whether by the partnership or by another partner was uncertain, then the issuance of a writ of sequestration over all the property of the partnership was not improper. The facts of this case are most similar.
We additionally find aid in the Civil Code Articles pertaining to the accession of moveables. La.C.C. art. 508 provides that things are divided into principals and accessories, and that an accessory is a corporeal moveable which serves the use, ornament, or complement of the principal thing. La. C.C. art. 509 states that when there is doubt as to which moveable is principal and which is accessory, the more valuable is deemed principal. Additionally, Article 509 provides that the most bulky thing is principal if the value of the two moveables is nearly equal.
The trial court apparently believed that the chassis and body of the car was in the nature of a “principal” thing and that the engine, transmission, and etc. were more like “accessory.” Thus, since the plaintiff proved ownership of the chassis and body, he proved ownership of the “vehicle” as a whole, so as to validate sequestration. We agree with the trial court, especially in light of testimony that a top fuel dragster required more than one engine to be truly competitive, and that it was a common practice to change engines completely between each running of such vehicles.
The defendant lastly argues that sequestration of the entire vehicle was wrongful because the plaintiff admitted at all times that the engine belonged to th,e defendant. The fact alone that the defendant still argues on appeal what parts belong to the engine makes it clear that plaintiff took the proper course in sequestering the entire vehicle.
We do not advocate as a general rule that a plaintiff cause sequestration of items which he knows do not belong to him. Only when as a practical matter it is impossible to ascertain what specific items comprise the components of a complex and detailed subject matter such as a top fuel dragster, can a sequestration of the entire subject matter be justified, where the plaintiff is aware that some component parts are not his. Thus, this decision is limited to the facts before us.
ASSIGNMENT OF ERROR NO. 4
Defendant contends that the introduction of the invoices in question violated the hearsay rule. When the invoices were first mentioned during the trial, the defendant objected to their introduction as inad-missable hearsay. The objection was overruled. We note, however, that the invoices were not actually offered into evidence at that time. They were subsequently offered at which point the trial court asked the defendant if he wished to make the same objection. His answer was “No, your hon- or. We have no objection.” The trial judge was apparently attempting to show the defendant that his prior objection had been premature, and that the defendant needed to object at the time that the invoices were actually offered for introduction. Because the defendant made no objection at the time the invoices were actually offered into evidence, the objection is waived.
Therefore, for the above and foregoing reasons, the judgment of the trial court is amended to award the defendant, George *464 Donaldson, in addition to those items awarded in the trial court judgment the wheels, tires, complete shifter, the fuel injection metering valve, and the fuel injection idle bypass valve of the racing vehicle X085-2471. In all other respects the judgment of the trial court is affirmed at defendant-appellant’s costs.
AMENDED AND AFFIRMED.