DOMENGEAUX, Judge.
The sole issue on appeal is whether the judgment granting pendente lite alimony was abated by the rendition of the district court’s divorce judgment or whether alimony pendente lite continued to accrue until the delays for the appeal of the divorce judgment had expired.
In a judgment rendered by the district court in December of 1980 defendant-appel-lee-husband, Raymond J. Palmer, was ordered to pay to the plaintiff-appellant-wife, Martha Darwin Palmer, alimony pendente lite in the sum of $1,500.00 per month.
Subsequently, Mr. Palmer filed for a divorce which the district court granted. The district court ruled that the parties were mutually at fault and expressly terminated the alimony pendente lite award. The judgment of divorce was rendered and signed on October 11, 1982.
Both parties appealed the district court decision alleging that the district court erred in decreeing them to be mutually at fault in the breakup of their marriage. We affirmed the decision of the district court. Palmer v. Palmer, 433 So.2d 346 (La.App. 3rd Cir.1983).
Mrs. Palmer then applied for writs to the Supreme Court of Louisiana, which were denied on October 28, 1983. Palmer v. Palmer, 441 So.2d 213 (La.1983).
On November 23, 1983, shortly after the denial of the writs, the plaintiff-appellant, Mrs. Palmer, filed a rule nisi in the district court seeking past due alimony pendente lite from October 1, 1982, until October 28, 1983, the date the Louisiana Supreme Court denied the plaintiff’s writ application. The defendant-appellee, Mr. Palmer, responded by filing a peremptory exception of no cause of action and a general denial answer.
The district court sustained the defendant’s exception of no cause of action. In his written reasons for judgment the district judge noted that Article 3943[1] of the *580 Louisiana Code of Civil Procedure was controlling in this case. That Article provides, in part, that an appeal from a judgment awarding alimony shall not suspend the execution of the judgment insofar as the judgment relates to alimony. He interpreted the Article to mean, “That the judgment of divorce, wherein alimony pendente lite was terminated, was final on October 11, 1982, insofar as it related to the alimony ;pendente lite award [which was granted during the separation proceedings].” The judge reasoned that inasmuch as Article 3943 makes judgments dealing with alimony immediately executory, a divorce decree of a district court expressly terminating alimony pendente lite would be a final judgment abating the alimony pendente lite.
Mrs. Palmer appeals the decision of the district court and avers that Louisiana Code of Civil Procedure Article 3942 governs the instant case. That Article provides:
“An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(l)-(3).
Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the annulment, separation, or divorce.”
The appellant contends that because she appealed the district court’s divorce judgment the appeal suspended the effects of the judgment and the divorce was not final until the Supreme Court denied her writs. Therefore, appellant asserts that since alimony pendente lite remains in effect until a final judgment of divorce, alimony penden-te lite continued to accrue until the delays for the appeal of the divorce judgment had expired.
In support of her position, the appellant cites a line of jurisprudence followed by the Louisiana Second, Fourth, and Fifth Circuit Courts of Appeal. Those Courts have adopted the position that Louisiana Code of Civil Procedure Article 3942 governs this issue. She argues that those Courts reason that since Article 3942 dictates that the appeal of a divorce judgment is suspensive, an award of alimony pendente lite previously ordered during separation proceedings in the district court continues to accrue pending the final disposition of an appeal on the merits of a divorce judgment. See Morris v. Morris, 426 So.2d 318 (La.App. 2nd Cir.1983), writ denied, 433 So.2d 151 (La.1983); Bruner v. Bruner, 373 So.2d 971 (La.App. 2nd Cir.1979); Palama v. Palama, 338 So.2d 776 (La.App. 4th Cir.1976); Bateman v. Larson, 452 So.2d 184 (La.App. 4th Cir.1984); and Morgan v. Morgan, 428 So.2d 1185 (La.App. 5th Cir.1983).
The appellee counters with two distinct arguments. First he cites a number of Louisiana Third Circuit Court of Appeal cases which hold that alimony pendente lite is terminated by the signing of a final judgment of divorce. He argues that those cases stand for the proposition that upon the district court’s rendering of a divorce judgment the judgment is final and alimony pendente lite abates at that time and does not accrue during the pendency of an appeal on the merits of the divorce ease. See Worley v. Worley, 247 So.2d 254 (La.App. 3rd Cir.1971), and Lewis v. Lewis, 395 So.2d 426 (La.App. 3rd Cir.1981) reversed on other grounds, 404 So.2d 1230 (La.1981). Second, he maintains that the First Circuit Court of Appeal’s cases of Whipple v. Whipple, 451 So.2d 1306 (La.App. 1st Cir.1984), and Donica v. Donica, 324 So.2d 847 (La.App. 1st Cir.1975) are dispositive of this issue. The First Circuit’s stance is that Louisiana Code of Civil Procedure Article 3943 is controlling and that since an award of alimony pendente lite terminates on divorce the judgment as it affects the alimony pendente lite is executory. Hence, alimony pendente lite does not continue to accrue pending disposition on appeal.
The issue is whether alimony pendente lite is terminated by the district court’s divorce decree or whether it continues to *581 accrue until all applicable delays for seeking appellate review of the merits have expired.
In view of the Louisiana Supreme Court’s holdings in Halcomb v. Halcomb, 352 So.2d 1013 (La.1977), and White v. Morris, 236 La. 767, 109 So.2d 87 (1959) and of our own holdings in Lewis v. Lewis, supra, Worley v. Worley, supra, and Fellows v. Fellows, 267 So.2d 572 (La.App. 3rd Cir.1972), we hold that alimony pendente lite is terminated by the signing of a final judgment of divorce in the district court. Therefore, the alimony pendente lite award contained in the judgment rendered during the separation proceedings terminated when the district court judge signed the judgment of divorce. See Fellows v. Fellows, supra.
When a district court judgment awards a divorce, alimony pendente lite is terminated, and if the district court denies permanent alimony then no alimony accrues pending appeal. Of course, if the divorce decree is ultimately voided on appeal, then the alimony pendente lite would have never abated.
In view of the disarray of the jurisprudence on this issue we entreat our Supreme Court to grant a writ herein, and elucidate upon this issue, in order that there be uniformity among the Courts of Appeal.
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed against plaintiff-appellant, Martha D. Palmer.
AFFIRMED.

. Louisiana Code of Civil Procedure Article 3943 provides:
“An appeal from a judgment awarding custody of a person or alimony can be taken only *580 within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.”