477 So.2d 84 (1985)
Hugh Edward CASSIDY
v.
Marilyn Isabella Quinn CASSIDY.
No. 85-CC-1114.
Supreme Court of Louisiana.
October 21, 1985.
Garic Kenneth Barranger, Covington, for defendant-applicant.
Donald H. Lee, Seal, Lee, Branch & Brown, Bogalusa, for plaintiff-respondent.
DIXON, Chief Justice.
Hugh and Marilyn Quinn Cassidy were married in April 1959. On February 1, 1983 Mr. Cassidy filed for a separation based on cruel treatment. Mrs. Cassidy answered, denying the cruel treatment and alleging in turn that Mr. Cassidy was guilty of cruel treatment. She also claimed she was in "necessitous circumstances" and prayed for alimony pendente lite. Mrs. Cassidy was granted temporary alimony of $1000 per month, plus the use of the family home and other allowances for support.
Before the case could go to trial, on February 2, 1984, Mr. Cassidy amended his petition to request a divorce because he had lived separately and apart from his wife for one year. After a trial on the merits, the trial court granted a separation based on mutual fault, and a divorce based on the couple living separately and apart for one year. This judgment precluded Mrs. Cassidy from receiving permanent alimony.
Mrs. Cassidy devolutively appealed the judgment finding her at fault in the separation. In the meantime, Mr. Cassidy ceased paying alimony pendente lite. Mrs. Cassidy sought a rule compelling her husband to continue paying the temporary alimony. The trial court refused to issue the rule, relying on C.C.P. 3943, which provides that appeals from judgments relating to alimony do not suspend the execution of the *85 judgment. By refusing to suspend the effect of the divorce judgment, the trial court prevented Mrs. Cassidy from collecting alimony pendente lite.
The court of appeal refused writs to review the trial court judgment denying the rule. This court granted writs to review the action of the district court, 472 So.2d 24 (La.1985). In her appeal, Mrs. Cassidy claimed that her living situation had worsened and she was even more dependent on support from her husband. Mrs. Cassidy died on June 12, 1985.[1]
The single question before this court is should alimony pendente lite continue after a judgment of divorce but during an appeal of the judgment. Alimony pendente lite should continue during the pendency of an appeal until the divorce judgment becomes definitive. The judgment of the district court is reversed.
Literally, alimony pendente lite means alimony pending the litigation. It is authorized by C.C. 148, which provides that a spouse who "has not sufficient income for maintenance pending suit" for separation or divorce shall receive a sum proportioned to that spouse's needs and the other spouse's means. In one form or another, this article has been in our Code since its inception.[2]
Alimony pendente lite arises from the obligation of one spouse to support the other during the pendency of the marriage, as set out in C.C. 119 and 120. Holliday v. Holliday, 358 So.2d 618, 620 (La.1978). It does not depend on the merits of the suit for separation or divorce, or upon the actual or prospective outcome of the suit. Holliday v. Holliday, supra. As such, this support does not terminate until a final divorce. Golson v. Golson, 351 So.2d 100, 101 (La.1977). In this sense, "final divorce" properly must be understood as a definitive judgment of divorce. A definitive judgment is one that has acquired the authority of the thing adjudged. C.C.P. 1842.
Before a divorce judgment becomes definitive, it can be suspensively appealed. C.C.P. 3942. This is, and must be, the case so that a couple does not believe their marriage is at an end, only to find themselves once again married. Since the marriage continues during an appeal of a divorce judgment, so does the obligation of care and support. If one spouse is in need during an appeal of a divorce judgment, it is the duty of the other spouse to support the needy spouse.
In Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962), this court determined that marriage and its attendant obligation of support continues during an appeal of a divorce judgment. In this case, both parties filed for separation, and the wife was awarded alimony pendente lite. The demands of both parties were rejected at trial, and the wife devolutively appealed the judgment rejecting the separation. Almost three years later, the appellate court ruled on the separation, on an appeal from the judgment awarding alimony pendente lite, and on an uncontested divorce awarded the husband in a subsequently filed suit for divorce for living separate and apart. This court held that the wife's devolutive appeal of the separation continued the litigation until the finality of the appellate court's decision. Recognizing that alimony pendente lite arises from the obligation of support the husband owes his wife, and that such alimony is "payable until final termination of the litigation," the court ordered the husband to pay alimony pendente lite for the entire time of the appeal. Viser v. Viser, supra, 243 La. at 713-15, 146 So.2d at 412-13.
One lower court has attempted to distinguish Viser by noting that it relied on another decision that involved alimony pendente lite which had accrued before the divorce judgment. Whipple v. Whipple, *86 451 So.2d 1306 (La.App. 1st Cir.1984). Such a distinction ignores the unambiguous codal directives and policy reasons behind awarding temporary alimony. Viser stands for the proposition that as long as the marriage continues, the spouses owe each other a duty of support and any appeal contesting a judgment terminating the marriage continues the marital relationship and the obligation of support.
In another case, Derbes v. Derbes, 462 So.2d 302 (La.App. 3d Cir.1985), a divorce was granted because the couple had lived separately and apart for one year. The wife was found at fault and was unable to collect permanent alimony. When the wife attempted to take a suspensive appeal from the fault determination, the trial court found that the appeal only related to questions of alimony, and granted a devolutive appeal only. The court erroneously interpreted C.C.P. 3943 to apply to a suit in which alimony has been either awarded or denied, held the devolutive appeal correct, and denied the wife alimony pendente lite during the appeal.
Again, this situation is governed by Viser. In that case, the divorce was granted on grounds of living separate and apart for two years. Nevertheless, the court held that the appeal of the wife in the separation suit resulted in the continuation of alimony "pending the suit" until final determination of the litigation. Viser v. Viser, supra, 243 La. at 714, 146 So.2d at 412. Although divorce does not require a period of separation, it would be anomalous to consider a couple divorced when their separation is still being contested. Hill v. Hill, 114 La. 117, 38 So. 77 (1905). If such a practice were allowed, an appellate court might find itself denying a separation to a couple that is already divorced. Accordingly, Whipple v. Whipple, supra and Derbes v. Derbes, supra conflict with this opinion and they are overruled.
Mrs. Cassidy's appeal kept alive her demand for alimony; if, on appeal, she had been found not at fault, she had a right to permanent alimony; there was no "final determination" of the litigation until the finality of the judgment on appeal. The litigation between the Cassidys was still pending; as long as suit was pending Mr. Cassidy should have continued paying Mrs. Cassidy alimony pendente lite until death or a definitive resolution of the divorce litigation.
For the reasons assigned, the ruling of the district court refusing to compel the payment of alimony pendente lite is reversed. The case is remanded to the district court for a determination of the proper amount of alimony pendente lite which Mr. Cassidy is ordered to pay to the estate of Mrs. Cassidy, computed from the date of the original judgment of separation and divorce until Mrs. Cassidy's death, at respondent's cost.
CALOGERO, J., concurs in the legal result only.
BLANCHE, J., dissents and assigns reasons.
LEMMON, J., dissents.
BLANCHE, Justice (dissenting).
An award of alimony pendente lite remains enforceable only while the marriage continues to exist. Once the marriage is terminated the mutual obligation of support, which is the foundation of alimony pendente lite, no longer exists. For this reason it is imperative to determine whether an appeal precludes the judgment of divorce from becoming final.
Articles 3942[1] and 3943[2] of the Code of Civil Procedure govern the effect of an *87 appeal on a judgment dealing with divorce and alimony respectively. Only when the appeal questions the validity of the divorce itself will the effect of the judgment be suspended. La. C.C.P. art. 3942 (West 1985). When the appeal relates to alimony it "shall not suspend the execution of the judgment in so far as the judgment relates to alimony (emphasis added)." La. C.C.P. art. 3943 (West 1985). Since Mrs. Cassidy's appeal relates to permanent alimony only, the effect of the judgment is not suspended. Therefore, the divorce has become final terminating the obligation of support and consequently the award of alimony pendente lite.
Although C.C.P. 3943 speaks in terms of a judgment that has awarded alimony, Malone v. Malone, 282 So.2d 119 (La.1973), has held that appeals from judgments denying or terminating alimony are also governed by that article.
The majority opinion misconstrues the holding of Viser v. Viser, 146 So.2d 409 (La.1962). In that case a suspensive appeal had been taken from a judgment awarding a divorce. Mrs. Viser sought to recover alimony pendente lite that had accrued from the date that the trial judge rendered judgment to the date that the appellate court disposed of the case making the divorce final. Since the obligation of support was still in existence until the divorce became final, it was appropriate to make the past due alimony executory. In this case the divorce decree was never appealed from.
For these reasons, I respectfully dissent.
NOTES
[1] As Mrs. Cassidy's estate could be enriched by the decision in this case, her appeal was not considered moot.
[2] See La. Civ. Code Ann. art. 148, History and Text of Former Codes (West 1952), including references to the Code Napoleon.
[1] La. C.C.P. art. 3942.

An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1)-(3). Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the annulment, separation, or divorce. (emphasis added).
[2] La. C.C.P. art. 3943.

An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony. (emphasis added).