486 So.2d 230 (1986)
Susan White ANDREW, Plaintiff-Appellee,
v.
David ANDREW, Defendant-Appellant.
No. 85-41.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1986.
*231 David L. Carriere, Opelousas, for defendant-appellant.
Hawley & Schexnayder, W. Paul Hawley, Domengeaux & Wright, Ross A. Brupbacher, Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and HOOD[*], JJ.
FORET, Judge.
This is an alimony case involving alimony pendente lite, post-divorce alimony, and child support. This appeal is consolidated with a second case 486 So.2d 233 (La.App. 1986) (our docket # 85-362) involving a judgment on a rule for arrearages, in which a separate opinion is being rendered this date. We affirm the decision of the trial court in both cases.

FACTS
A judgment was signed by the trial court on April 12, 1983, ordering David Andrew, defendant-appellant, to pay the house note on the family home; carry medical insurance on the two minor children; pay $750 per month alimony pendente lite and $100 per month child support. David filed a rule to reduce the amount of alimony and child support on April 15, 1983. Because the court's docket was overcrowded, the matter was unable to be heard at the time scheduled. An interim agreement was reached whereby David agreed to pay $100 per month to Susan White Andrew, plaintiff-appellee. He also agreed to continue to make the house notes and to deliver to Susan the payment due to both parties from the sale of a prior residence, $210 per month. The order was made expressly without prejudice or presumption against either party.
On December 19, 1983, a final judgment of divorce was signed. The judgment contained a stipulation that claims for alimony pendente lite, post-divorce alimony, and child support would be reserved until a later date. The judgment further ordered that the rights of the wife to alimony pendente lite would terminate on November 3, 1983.
Judgment was rendered on July 25, 1984 and signed on September 18, 1984. The trial court decided that David owed his ex-wife alimony pendente lite for the period of May through November 3, 1983, of $500 per month, in addition to the house payments and receipts from the sale of the prior residence. The court further held that Susan was not entitled to an award of permanent alimony because of mutual fault. The court further ordered David to pay child support in the amount of $300 per month and to continue paying over the $210 per month from the sale of the former *232 residence as child support. Additionally, he was ordered to continue paying the notes on the residence occupied by Susan and to maintain a policy of medical insurance on the children. David suspensively appealed the September 18, 1984 judgment. Consequently, Susan filed a rule for contempt to make the amount due executory, and for attorney's fees, on November 8, 1984.
The rule was called up on December 3, 1984. Both parties stipulated in open court as to the delinquency, the amount due, and the attorney's fees. Judgment was signed on December 14, 1984 for $8,700 for the above mentioned delinquences and $250 in attorney's fees. David was ordered to pay an additional $100 per month toward the arrearages in addition to his then current child support obligations.
Concerning the issue of alimony and child support from May through November of 1983, David had the heavy burden of proving the necessity for a change in the alimony and child support originally awarded. Hicks v. Hicks, 450 So.2d 30 (La.App. 3 Cir.1984); Clooney v. Clooney, 446 So.2d 981 (La.App. 3 Cir.1984). The trial court awarded $800 per month alimony and child support during this period of time. We believe the record reflects that this is a reasonable amount under the circumstances, and consequently, we affirm.
The next issue for our consideration is whether or not alimony pendente lite should continue after a judgment of divorce, but during an appeal of the judgment.
The Louisiana Supreme Court, in Cassidy v. Cassidy, 477 So.2d 84 (La.1985), held that alimony pendente lite should continue during the pendency of an appeal until the divorce judgment becomes definitive. The Supreme Court reasoned that alimony pendente lite literally means alimony pending the litigation. La.C.C. art. 148 authorizes alimony pendente lite to a spouse who "has not sufficient income for maintenance pending suit" for separation or divorce.
The obligation to pay alimony pendente lite arises from a more basic obligation of one spouse to support the other during the pendency of the marriage as dictated in La. C.C. arts. 119 and 120. Holliday v. Holliday, 358 So.2d 618, 620 (La.1978). Because alimony pendente lite does not depend on the merits of the suit for separation or divorce, or upon the actual or prospective outcome of the suit, the support does not terminate until final divorce. Cassidy v. Cassidy, supra; Golson v. Golson, 351 So.2d 100, 101 (La.1977). The Supreme Court further stated that "final divorce" properly must be understood as a definitive judgment of divorce, meaning one that has acquired the authority of the thing adjudged. C.C.P. art. 1842.
Accordingly, prior to a divorce judgment becoming definitive, it may be suspensively appealed pursuant to C.C.P. art. 3942. In this case the issue of divorce was based upon the parties having lived separate and apart for one year. The trial on the separation and divorce was set for November 3, 1983, but was continued. Consequently, the parties stipulated in the continuance that alimony pendente lite would terminate on November 3, 1983, and that the fault question would be deferred for a later trial. The divorce issue was taken up on December 19, 1983, and the parties reserved the questions of alimony pendente lite, post-divorce alimony, and child support for a later date. Trial on these issues resulted in a judgment signed on September 18, 1984.
We rule that the obligation of support continued throughout the hearing and appeals of these various judgments. Because the obligation of support is owed and payable until there has been a final termination of the litigation, David is responsible for alimony pendente lite for the entire time of the appeal. Cassidy v. Cassidy, supra; Viser v. Viser, 243 La.706, 146 So.2d 409 (1962).
For the above mentioned reasons, the judgments of the trial court are affirmed. All costs of these proceedings are assessed *233 against defendant-appellant, David Andrew.
AFFIRMED.
GUIDRY, J., concurs in the result.
NOTES
[*] Judge Warren E. Hood, of the 14th Judicial District Court, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.