DOMENGEAUX, Judge.
Plaintiff-appellant, Martha D. Palmer, filed a rule nisi seeking past due alimony pendente lite from defendant-appellee, Raymond J. Palmer, for the period of time between the district court’s judgment of divorce and the date the Louisiana Supreme Court denied the plaintiff's writ application to review the merits of the divorce trial.
This Court has considered this case once before. Originally, the district court sustained the defendant’s exception of no cause of action stating that the alimony pendente lite terminated when the district court rendered the divorce decree, with that judgment being affirmed by this Court at 476 So.2d 578 (La.App. 3rd Cir.1985). Por a complete reiteration of the facts and procedural history of this case see our opinion cited supra.
In affirming the district court’s decision, we expressly recognized the disharmony among the Circuits on the issue of whether a judgment granting pendente lite alimony was abated by the rendition of the district court’s divorce judgment or whether alimony pendente lite continued to accrue until the delays for the appeal of the divorce judgment had expired. We then entreated the Supreme Court to take this matter up and decide it so as to create uniformity among the Circuits.
Mrs. Palmer applied for writs of certiora-ri and review to the Louisiana Supreme Court and the latter tribunal granted the application at 479 So.2d 357 (La.1985) with the following language:
“Granted. Remanded to the Court of Appeal to reconsider in light of Cassidy v. Cassidy, 85-CC-1114, 477 So.2d 84.”
With all due respect, we are once again forced to admit that we are confused and disconcerted by the Supreme Court’s course of action. On at least two previous occasions this Court has been placed in the anomalous and uncomfortable position of reconsidering its own opinion in light of another case which we do not find is dis-positive of the issue involved. In this particular instance our original decision has not been reversed or affirmed, and we are therefore presented with the dubious and uncertain task of second guessing the mandate of the Supreme Court. Having this Court reconsider its own opinion results in a duplication of effort and debilitates its intellectual stature.
The Louisiana Supreme Court’s authority to issue writs of certiorari or review emanates from that Court’s jurisdiction to review the judgment of a Court of Appeal decided under the Court of Appeal’s appellate jurisdiction. See comments to Rule 10, Louisiana Supreme Court Rules. It would therefore seem that in granting a writ and *231 exercising its jurisdiction to review, the Supreme Court should either expressly reverse or affirm the judgment of the Court of Appeal and issue an opinion explaining, according to its own dictates and in its own language, the reasons for their action. However, we shall comply with the High Court’s mandate and reconsider in light of Cassidy v. Cassidy, 477 So.2d 84 (La.1985).
Upon reconsideration of our opinion after having read Cassidy, supra, we are compelled to adhere to our original decision. After a careful study of the issues involved in the immediate case and after reviewing the related jurisprudence we cannot say that Cassidy controls. We find Supreme Court cases which have not been overruled which contradict the High Court’s holding in Cassidy. See Halcomb v. Halcomb, 352 So.2d 1013 (La.1977), and White v. Morris, 236 La. 767, 109 So.2d 87 (1959). This causes this Court to be uncertain and confused as to the proper standard which governs our particular case.
We therefore adhere to our original holding that the alimony pendente lite terminated upon the signing of the district court’s judgment of divorce.
We respectfully suggest, in instances such as this, that upon writ application, instead of remanding a case back to us for reconsideration, the Supreme Court should itself “take the matter up, decide it according to its own thinkings and rationale, and render its own opinion.” Honeywell, Inc. v. Jimmie B. Guinn, Inc., 449 So.2d 1382 (La.App. 3rd Cir.1984), affirmed 462 So.2d 145 (La.1985), and Berry v. Holston Well Service, Inc., et al, 479 So.2d 944 (La.App. 3rd Cir.1985).
As an interesting corollary, for the first time in this case, appellee’s attorney filed a peremptory exception of res judicata. The exception alleges that the rule nisi was improperly tried inasmuch as the district court’s original divorce judgment and the subsequent appeal on the merits of the divorce determined the alimony pendente lite issue. Such being the case, appellee contends that the aforementioned judgments were a bar to the later rule nisi seeking the alimony pendente lite arrearag-es.
Inasmuch as we here reaffirm the district court’s dismissal of the appellant’s claim for alimony pendente lite arrearages we decline to consider the exception of res judicata.
The decision of the district court is reaffirmed.
LLOYD G. TEEKELL, J. Pro Tern., concurs and will assign reasons.