541 So.2d 928 (1989)
Frank B. WILLIAMS
v.
Mary Duvall Williams, wife of Frank B. WILLIAMS.
No. 88-CA-792.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
Writ Denied May 19, 1989.
David R. Sherman Lynne W. Wasserman, Chehardy, Sherman, Ellis & Breslin, Metairie, for defendant-appellant.
Phillip A. Wittman, Steven A. Usdin, Dorothy H. Wimberly, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for plaintiff-appellee.
Before GRISBAUM, WICKER and GOTHARD, JJ.
GRISBAUM, Judge.
This appeal concerns a protracted domestic dispute. We are called upon to determine two issues arising from two separate judgments. First, we must determine whether the trial court erred, as a matter of law, in denying Mrs. Williams' motion for contempt. That is, where a spouse has been awarded alimony pendente lite but, subsequently, a judgment of no fault divorce has become definitive, does the pendente lite obligation cease? In other *929 words, where one spouse has been awarded alimony pendente lite and where a determination of marital fault has yet to become definitive, but, meanwhile, a no-fault divorce has become definitive,[1] does the duty to pay alimony pendente lite cease upon the divorce's becoming definitive, or, instead, continue until the definitive determination of fault? Second, we must determine whether the trial court abused its discretion in ordering that a writ of sequestration covering husband-to-wife spousal donations be dissolved.[2]
We affirm both the trial court's rulings.
PROCEDURAL HISTORY: ISSUE ONE
The procedural history in this matter reflects that the judgment regarding alimony pendente lite was signed on September 8, 1986. The judgment of divorce (premised on La.R.S. 9:301) was signed on May 26, 1987, which, never having been appealed, became definitive several months before the contempt hearing. By agreement of counsel, Mr. Williams continued paying alimony pendente lite until he learned that a judgment assessing fault had been signed, whereupon he stopped paying and Mrs. Williams filed a rule for contempt.
ANALYSIS: ISSUE ONE
The trial court, in its oral Reasons for Judgment, states:
THE COURT HAS ITS OWN PROBLEM WITH THIS, WITH THE BASIC TREND THAT WE DISCUSSED THE OTHER DAY OF PURSUING SEPARATION AND ON DIVORCE LITIGATION, SPECIFICALLY SEPARATIONS, BASED ON FAULT GROUNDS AND AS THE TIME PASSES IN THE INTERMIN [sic] BEFORE A FAULT DETERMINATION, THEY HAVE A NO[-]FAULT[-]TYPE DIVORCE. SO THE ISSUE COMES UP WHETHER YOU HAVE PENDENTE LITE ALIMONY OR PERMANENT ALIMONY AT THAT TIME AND IN HOTLY CONTESTED MATTERS THE ACTUAL DETERMINATION OF FAULT CAN GO ON FOR QUITE SOME TIME, MAYBE YEARS, WHICH CAN THEN BE APPEALED. AND, I THINK THE COURT'S [sic] ABOVE, WHICH I KNOW WHATEVER I RULE HERE, ARE GOING TO GET TO HEAR IT AGAIN, AND MAKE A DETERMINATION, BUT THIS COURT FINDS THAT ALIMONY PENDENTE LITE IS STOPPED AT THE TIME OF THE DIVORCE OF THE MATTER WHEN A FAULT FINDING IS STILL PENDING AND THAT PERMANENT ALIMONY MAY BE THE OTHER AVENUE OF OBTAINING RELIEF EVEN THOUGH A FAULT FINDING HAS BEEN MADE WITH A SUSPENSIVE APPEAL SUSPENDING THE FAULT FINDING. SO, THE COURT FINDS THAT PENDENTE LITE IS STOPPED AT THE TIME OF THE DIVORCE AND THAT[,] I GUESS[,] THE MOTION BEFORE ME IS A RULE FOR CONTEMPT, AND THE MOTION FOR CONTEMPT IS DENIED AND DISMISSED.
We agree.
At the outset, it should be noted that our fellow Louisiana Circuits have differed in their approach and in their conclusions of law regarding alimony pendente lite in relation to the specific question presented in this matter. See Martinez v. Martinez, 503 So.2d 544 (La.App. 4th Cir.1987); Conner v. Conner, 499 So.2d 312 (La.App. 1st Cir.1986), writ denied as untimely, 503 So.2d 8 (La.1987); Andrew v. Andrew, 486 So.2d 230 (La.App. 3d Cir.1986); Morris v. Morris, 426 So.2d 318 (La.App. 2d Cir. 1983), writ denied, 433 So.2d 151 (La.1983); and Taddonio v. Taddonio, 422 So.2d 1282 (La.App. 4th Cir.1982), vacated, 429 So.2d 442 (La.1983), vacation amended to vacation in part, 431 So.2d 412 (La.1983). Moreover, we have not been blessed with any specific directive from the Louisiana Supreme Court. See Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962) (overruled as to a *930 separate issue, in Miller v. Miller, 321 So. 2d 318, 321 (La.1975)) and Cassidy v. Cassidy, 477 So.2d 84 (La.1985).
Our Circuit, in Impastato v. Impastato, 527 So.2d 353 (La.App. 5th Cir.1988), recognized that alimony pendente lite has historically been regarded as a concomitant of the spousal duty of support during the marriage.[3]Id. at 354. See also Holliday v. Holliday, 358 So.2d 618, 620 (La.1978); Lee v. Lee, 437 So.2d 938, 939 (La.App. 2d Cir. 1983), writ denied, 440 So.2d 761 (La.1983). This view is consistent with the use of the term "spouse" in the alimony article, La.C. C. art. 148, which provides:
If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse.
This view is also consistent with the support-in-the-style-enjoyed-during-the-marriage interpretation given the article. Ergo, we conclude, as this Court did in Impastato, that "once a judgment of divorce becomes definitive and final the right to receive alimony pendente lite terminates because the marriage has terminated." Id. at 354.
ANALYSIS: ISSUE TWO
Regarding the second question, the procedural history reflects that in its judgment of March 28, 1988, the trial court ruled, in response to an exception of prematurity, that the previously issued writ of sequestration, premised on La.C.C. art. 156, be dissolved and reasoned:
This matter came on for hearing on the 10th day of March, 1988, on the defendant's rule to show cause why Writ of Sequestration should not be dissolved.
At issue here is the enforcement of provisions of Civil Code Article 156 regarding donations made by one spouse to the other. Civil Code Article 156 provides[,] in pertinent part, "In case of separation from bed and board, the party against whom it shall have been pronounced, shall lose all the advantages or donations ..."
The parties hereto obtained a "no[-]fault" divorce in accordance with the provision of La.R.S. 9:301. Subsequently a trial was had on the issue of fault. Judgment was rendered on February 1, 1988, finding Mrs. Williams "at fault." Shortly thereafter, Mr. Williams[,] relying upon the February 1st judgment and the provisions of Civil Code Article 156, sought and was granted a Writ of Sequestration of various articles claimed by affidavit to be donations to Mrs. Williams.
Mrs. Williams has filed a suspensive appeal from the February 1, 1988, judgment and a rule to dissolve the Writ of Sequestration. A hearing was had on March 10, 1988, on Mrs. Williams' rule.
The Court found that while Civil Code Article 156, [sic] is anachronistic, impractical and unworkable, it is still the law of Louisiana. A final finding of fault against one spouse would cause the provisions of 156, concerning donations, to become operative.
On hearing of a writ, the Fifth Circuit Court of Appeal, citing Article 3493 of the Code of Civil Procedure, dismissed Mrs. Williams' suspensive appeal and converted it to a devolutive appeal. Article 3493 specifically states that only matters related to alimony or custody are not suspended by appeal. Since the issue of fault is still on appeal, the judgment as to fault is not yet final. Application of the provisions of Civil Code Article 156 can affect previously vested property rights. Because of the serious consequences as to property rights, the Court finds that Civil Code Article 156 does not become operative until a final finding of fault.
For these reasons, the Court finds that Mrs. Williams' exception of prematurity *931 is well founded and that the Writ of Sequestration previously issued should be dissolved. [Emphasis in the original.]
We agree.
Sequestration is established by La. C.C.P. art. 3571, which provides the following basis for the remedy:
When one claims the ownership or right to possession of property, or a mortgage, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action.
Cases interpreting this article have held that granting the remedy is discretionary with the trial court and, accordingly, a decision as to sequestration is reviewed for abuse of discretion. Conway v. Stratton, 434 So.2d 1197, 1200 (La.App. 1st Cir.1983); Broussard v. Crochet, Broussard & Co., 477 So.2d 166, 175 (La.App. 3d Cir.1985). Additionally, for sequestration to be proper, "ownership of the property must be in dispute and it must appear that one of the parties has no better right to possession than the other when a sequestration is ordered." Conway, supra. Importantly, where one sequesters property based on a thing not yet due him, a writ of sequestration does not properly issue. Bice v. Southside Motors, Inc., 344 So.2d 78 (La. App. 2d Cir.1977). This conclusion reasonably follows from the jurisprudential view that "Sequestration is intended to allow a claimant to prevent the destruction, waste or alienation of property he alleges is his during the pendency of the demand." Haase v. Donaldson, 407 So.2d 461, 462-63 (La.App. 1st Cir.1981).
Additionally, La.C.C. art. 156, under which the husband seeks sequestration, provides as follows:
In case of separation from bed and board, the party against whom it shall have been pronounced, shall lose all the advantages or donations, the other party may have conferred by the marriage contract or since, and the party at whose instance the separation has been obtained, shall preserve all those to which such party would have been entitled; and these dispositions are to take place even in case the advantages and donations were reciprocally made.
Upon our reading La.C.C.P. art. 3571 in pari materia with La.C.C. art. 156, we conclude that C.C. art. 156 contains its own directive for preserving the property; ergo, sequestration may not be the proper remedy in any case. Nevertheless, we find the court's conclusion is consistent with the operation of alimony pendente lite, which, like the gifts given under C.C. art. 156, springs from support during the marriage. Additionally, the basic statutory policy of Louisiana law fosters stability of property interests, and the trial court's conclusion obviates a need for gifts to be shuffled back and forth depending upon the posturing of a nondefinitive judicial decision. Finally, the trial court's position harmonizes with the view that marital fault really is not fault until all is said and done. Accordingly, since the judgment relating to fault is not a final one, we see no error of law. Therefore, the dissolution of the writ of sequestration was proper.
For the reasons assigned, the judgments of the trial court are affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.
NOTES
[1] Mrs. Williams' writ application was granted but relief denied under Appellate Rule 4-5, which treats the formal requirements of the writ application. The merits not having been reached, review of those merits here is in order.
[2] The remaining issue in this case presents no novel questions and, thus, is treated in an unpublished appendix.
[3] This duty, in its present guise, is to be found in La.C.C. art. 98, to wit: "Married persons owe each other fidelity, support, and assistance."