604 So.2d 1056 (1992)
Mary Ethylene Wyatt MIGUEZ, Plaintiff-Appellee,
v.
Paul MIGUEZ, Defendant-Appellant.
No. 23892-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1992.
Writ Denied November 30, 1992.
Sockrider, Bolin & Anglin by H.F. Sockrider, Jr., for defendant-appellant.
Samuel P. Love, Jr., for plaintiff-appellee.
Before VICTORY, BROWN and STEWART, JJ.
STEWART, Judge.
At issue before this court is whether alimony pendente lite may be ordered for *1057 the period subsequent to a judgment granting divorce, from which only the trial court's finding of fault is appealed.[1]
Mary Miguez filed suit against Paul Miguez to recover accrued alimony via an existing income assignment from his pension retirement income. The alimony pendente lite she sought had accrued after the judgment of divorce and while the issue of her fault was pending appeal. The trial court rendered judgment in her favor, finding that, as a matter of law, Mary Miguez' alimony pendente lite remained payable during her appeal to this court. Accordingly, the trial court rejected the demands of Paul Miguez to terminate or reduce his alimony pendente lite obligation of $356 per month. The trial court ordered that, under a prior income assignment order, Paul's AT & T pension plan pay $2,862 in accrued alimony pendente lite, attorney's fees, and court costs. We affirm.

FACTS
During separation and divorce proceedings, the trial court rendered an interim judgment which ordered Paul Miguez to pay Mary Miguez $336 per month in alimony pendente lite. The trial court dismissed as moot Mary's main demand for a judgment of separation, granted Paul's reconventional demand for divorce on the ground of living separate and apart, found both parties to be at fault, and terminated the community as of the date of the reconventional demand. The trial court denied Mary's motion for new trial and Mary appealed the issue of fault.
Pursuant to an income assignment order, AT & T periodically withheld $232.85 from Paul's retirement pay from March through June of 1991. A total of $931.40 was withheld. However, AT & T refused to forward the monies to Mary until it received a Qualified Domestic Relations Order from the trial court. In June 1991, Mary sued Paul for accrual of alimony and a 50 percent wage assignment, alleging that Paul paid her no alimony pendente lite, after the divorce was granted, for the months of December 1990 through June 1991.
After trial on August 20, 1991, the trial court held that as a matter of law Mary was entitled to collect alimony pendente lite from Paul until such time as her appeal of the fault issue became definitive. The trial court judgment ordered that (1) Paul Miguez pay an arrearage of $2,352 for past due alimony pendente lite for the period between the December 6, 1990 divorce judgment and the August 20, 1991 trial, plus $450 in attorney's fees and $60 in court costs; (2) the AT & T income assignment order be continued in effect until Mary Miguez was paid the $2,862. The trial court rejected Paul's demand to terminate or reduce his monthly $356 alimony pendente lite obligation. Paul Miguez appeals.

DISCUSSION
In his first assignment of error, Paul Miguez contends that his duty to pay alimony pendente lite ended when the divorce was granted because Mary Miguez appealed the fault issue, but not the divorce itself.
The purpose of alimony pendente lite is to provide support temporarily, pending litigation, for the spouse who does not have sufficient income for his or her maintenance Schelldorf v. Schelldorf, 568 So.2d 168, 173 (La.App. 2d Cir.1990). Alimony pendente lite is, in essence, designed to maintain the status quo insofar as the economic circumstances of the marriage are concerned. Id. It does not depend on the merits of the suit for separation or divorce, or upon the actual or prospective outcome of the suit. Cassidy v. Cassidy, 477 So.2d 84 (La.1985). This support does not terminate until a final divorce, i.e., a definitive judgment of divorce. Id.
The Third and First Circuit Courts of Appeal have determined that, regardless of whether the divorce is appealed, alimony pendente lite continues while a determination *1058 of fault is being appealed. See Nugent v. Nugent, 533 So.2d 1370, 1374 (La. App. 3d Cir.1988); Nungesser v. Nungesser, 558 So.2d 695, 699 (La.App. 1st Cir.), writ denied, 560 So.2d 30 (La.1990); see also, Martinez v. Martinez, 503 So.2d 544, 546-547 (La.App. 4th Cir.1987). By contrast, the Fifth Circuit recently held that, where the fault issue (but not the issue of divorce) is appealed, the obligation to pay alimony pendente lite ends when the divorce becomes final rather than when the fault issue becomes final. See Williams v. Williams, 541 So.2d 928 (La.App. 5th Cir.), writ denied, 544 So.2d 384 (La.1989).
The Louisiana Supreme Court was faced with facts very much like those of the instant case in Cassidy, supra. There, the issue of fault was appealed, but not the divorce itself. The Cassidy court determined that the litigation between the Cassidys was still pending as long as Mrs. Cassidy's appeal on the issue of fault was pending. The Louisiana Supreme Court stated that payments of alimony pendente lite should have continued until death or a definitive resolution of the divorce litigation. Cassidy, 477 So.2d at 86.
We acknowledge the persuasiveness of the reasoning in both Paul Miguez' argument and in Williams. However, we are constrained by Cassidy because its holding is directly on point with regard to the instant legal issue.
With the exception of Williams, supra, the general rule is that alimony pendente lite continues until final determination of the fault question. See Martinez, supra, 503 So.2d at 547. Accordingly, we find no merit to this assignment.
Paul Miguez' second assignment is that the trial court erred, as a matter of law, in holding that the wife was entitled to attorney's fees, court costs, and accrued alimony pendente lite from the December 6, 1990 divorce until the instant trial on August 20, 1991.
The appeal on the issue of Mary's fault was still pending in August 1991. Having determined that alimony pendente lite continues during the pendency of Mary's appeal, we find no abuse of discretion in the trial court judgment which ordered payment via income assignment of the accrued amount of alimony pendente lite, attorney's fees, and court costs.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
BROWN, J., dissents with written reasons.
BROWN, Judge, dissenting.
Cassidy, supra, was decided by a divided court and subsequent cases have left its ruling in doubt. The Supreme Court denied writs in Williams, supra. Williams presents the better argument. See also Judge Sexton's dissent in Morris v. Morris, 426 So.2d 318 (La.App. 2d Cir.1983).
I respectfully dissent.
NOTES
[1] This court affirmed the trial court judgment on the issue of fault. See Miguez v. Miguez, 592 So.2d 514 (La.App. 2d Cir.1992).