GUIDRY, Judge,
concurring.
I concur not only to indicate my agreement with the result reached by the opinion author in this case but to note my disagreement with certain observations of the opinion author regarding appellant’s motives in filing the amendment to her reconventional demand and the institution and prosecution of this appeal.
Although I find no merit in appellant’s arguments, I am unable to find that her appeal is frivolous or was taken in bad faith solely for the purpose of delay and extension of her entitlement to alimony pendente lite.
The appeal of the divorce judgment preserved appellant’s right to a review of the trial court’s interlocutory judgment denying her motion for a continuance. Although we ultimately determine that the trial judge’s denial of this motion did not constitute a clear abuse of his much discretion, serious argument can be made to the contrary. Additionally, once the judgment of divorce was granted, absent an appeal, the time during which Mrs. Borel could preserve her right to a trial on her motion for alimony pendente lite was limited although her motion therefor had been pending for almost one year. See Cassidy v. Cassidy, 477 So.2d 84 (La.1985); Miguez v. Miguez, 604 So.2d 1056 (La.App.2d Cir.1992), writ denied, 608 So.2d 194 (La.1992) and cases therein cited. In my view, if the judgment of divorce had become final prior to trial of appellant’s *1285 pending motion for alimony pendente lite her demand therefor would no longer have been viable despite the trial court’s well intentioned reservation of appellant’s right to a hearing on such motion. Finally, I see no necessity for a generalization of the circumstances which would prompt this court to award damages for frivolous appeal.
I respectfully concur.