hCARTER, Judge.
This is an appeal from an award of alimony pendente lite. The judgment awarding alimony pendente lite was made after a judgment of divorce had been granted.
FACTS AND PROCEDURAL HISTORY[2]
Nancy Carol Tull (Mrs. Tull) and George C. Tull, III (Mr. Tull) were married on May 10,1970, in Texas. They subsequently established their matrimonial domicile in Baton Rouge, Louisiana. On August 10, 1995, the parties physically separated. On September 1, 1995, Mrs. Tull-filed for divorce under LSA-C.C. art: 102. This suit, numbered 116,770, was allotted to Division “A” of the East Baton Rouge Family Court. Mrs. Tull alleged in her- petition that she was without fault in the dissolution of the marriage and was entitled to temporary and permanent alimony. Mrs. Tull also made other allegations, including a possible agreement as to temporary and permanent alimony. Apparently, no agreement was reached.
According to Mr. Tuffs appellate brief, he filed a petition for an article 102 divorce in suit number 116,811, which was allotted to Division “C” of the East Baton Rouge Family Court. The record does not contain a copy of this pleading, nor does it contain any evidence that these two matters were consolidated or transferred to a single division.
Mrs. Tull was not able to reach Mr. Tull to discuss the specific terms of temporary and permanent alimony due to his absence from the state. On March 21,1996, Mrs. Tull filed a motion and order for a rule nisi seeking production of answers to interrogatories and temporary alimony.[3] In the rule, Mrs. Tull informed the trial court there were two divorce actions pending between the parties in different divisions. The rule was originally set for April 23,1996.
Rln the meantime, Mr. Tull filed a rule to show cause why he should not be granted a divorce pursuant to Civil Code article 102 in the matter before Division “A”. This rule was set for April 17,1996. The minute entry of the trial court reflects this matter was passed with no action taken.
On April 24, 1996, Mr. Tull obtained a continuance of the rule regarding temporary alimony because he had a conflict. Mr. Tull requested that the matter be reassigned to a later date, without prejudice to the rights of Mrs. Tull as to the relief she sought. The rule was reassigned to April 30, 1996. The April 30,1996 minutes reflect the matter was passed and reassigned to May 24,1996.
*288 On May 24, 1996, the trial court heard the rule regarding temporary alimony filed in Division “A.” During the hearing, counsel for both parties agreed that a judgment of divoree had been signed on April 29,1996, in the suit allotted to Division “C.” This record does not contain a copy of that judgment.
The trial court rendered judgment on July 23, 1996, ordering Mr. Tull to pay to Mrs. Tull the sum of $325.00 per month alimony pendente lite, retroactive to September 1, 1995, the date Mrs. Tull filed suit for divorce and alimony pendente lite. The sum was ordered to be paid in two equal monthly installments on the 1st and 15th of each consecutive month. Mr. Tull filed a devolu-tive appeal with the following assignments of error:
1. The trial court erred by granting alimony pendente lite to the appellee for the first time, subsequent to the rendition and signing of a Judgment of Divorce.
2. The trial court erred by granting alimony pendente lite to the appellee retroactive to the date of the fifing of the Petition for Divoree (September 1, 1995) when, in fact, alimony pendente lite was not claimed by the appellee until the later fifing of a Rule for Support (March 21,1996).
LAW
LSA-C.C. art. Ill provides as follows:
If the spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.
Alimony pendente lite arises from the obligation of one spouse to support the other spouse during the pendency of the marriage. Cassidy v. Cassidy, 477 So.2d 84, 485 (La.1985). It is based upon the duty of mutual support owed between married persons dim-ing the pendency of the marriage. See e.g. McAlpine v. McAlpine, 94-1594, p. 9 (La.9/5/96); 679 So.2d 85, 90 (on rehearing).
Divorce terminates marriage. LSA-C.C. art. 101. A final judgment of divorce also terminates the mutual obligation of support owed by persons married to each other. Once the marriage terminates, the permanent alimony provisions of LSA-C.C. art. 112 become applicable. Permanent alimony, however, is based on concepts entirely different from alimony pendente lite. Wascom v. Wascom, 96-0125, p. 4 (La.4/8/97); 691 So.2d 678, 681.
Recently, the Louisiana Supreme Court resolved the split among the circuits on the issue of whether alimony pendente lite may be awarded for any period of time after a final judgment of divoree has been rendered. The supreme court concluded that alimony pendente lite may not be awarded for any period of time after a valid judgment of divorce becomes final. Wascom v. Was-com, 691 So.2d at 683. In light of Wascom, we find that Mrs. Tull’s alimony pendente lite award must terminate as of April 29, 1996, the date of the divorce judgment.
We find no merit to Mr. Tull’s argument that the trial court erred in granting alimony pendente lite retroactive to the date of filing her petition for divoree on September 1, 1995, rather than her rule for alimony pendente lite filed on March 21,1996. LSA-R.S. 9:310 provides in part, “An order for spousal support shall be retroactive to the filing date of the petition for spousal support granted in the order.” Clearly, Mrs. Tull is entitled to have the alimony award made retroactive to the date the petition for divorce, alimony pendente lite and permanent alimony was filed. We have reviewed the record and find Mrs. Tull’s petition for divorce filed on September 1, 1995, clearly contains a request for alimony pendente lite, and we find no error in the judgment of the trial court as to the retroactivity of the award.
Finally, we address the issue of whether Mrs. Tull can be awarded alimony pendente lite after a divoree, but for the period of time from the filing of the petition to the divorce judgment. There were two divoree actions pending between these parties in different divisions of the East Baton Rouge Parish Family Court, which were neither ^consolidated, nor transferred, to a single division. Also, the hearing for alimony, *289 which was originally set for a time prior to the granting of the divorce in the other division, was continued at Mr. Tull’s request. Our review of the record indicates Mrs. Tull had been unable to reach Mr. Tull in order to work out an agreement for alimony pendente lite due to his absence from this state. The claim for alimony was made in the original divorce petition, yet had not been heard by the trial court prior to the judgment of divorce. Under these circumstances, we see no error in a post-divorce award of alimony pendente lite for a period of time from the filing of the petition until the termination of the marriage.
CONCLUSION
The judgment of the trial court is affirmed to the extent Mr. Tull is ordered to pay Mrs. Tull alimony pendente lite in the amount of $325.00 per month, in two equal installments on the 1st and 15th of each consecutive month retroactive to September 1, 1995. However, the trial court’s judgment is amended to terminate the alimony pendente lite as of April 29, 1996, the date the parties were divorced. Mr. Tull is responsible for alimony pendente lite payments covering the period of September 1,1995 to April 29,1996. Costs of the appeal are to be assessed to Mr. Tull.
AFFIRMED IN PART; AMENDED IN PART; AND RENDERED.

. The record before us is incomplete, which would ordinarily warrant a remand to the trial court for supplementation. However, there is sufficient evidence and documentation to resolve the issues presented in this appeal. We feel the ends of justice would best be served by considering the record as presented, rather than have the parties undergo the delay which accompanies a remand.

.This pleading was filed in Division "A”.