WARD, Judge.
Louis Munsch, Jr. filed in the District Court a Rule to Determine Fault, seeking a judgment that his former wife caused the breakup of their marriage and that she is not entitled to permanent alimony. The Trial Court held that Munsch has no cause or right of action. We affirm.
The issues require that we set out a chronology of the proceedings in the lower court in order to show why Mr. Munsch believes he must have a judicial determination of fault. Evelynn Ann Bergeron and Louis Munsch were married on February 15, 1958. On June 22, 1972, Mrs. Munsch filed suit for legal separation on grounds of cruel treatment and abandonment. Her husband answered the suit and made a reconventional demand for separation on grounds of living separate and apart for one year as well as on grounds of his wife’s cruel treatment and constructive abandonment. On August 11, 1972, the Trial Court granted the wife custody of the couple’s daughter and ordered the husband to pay “child support and alimony” of $200.00 per month. On March 12,1973, in a proceeding in which the wife did not appear, the Court dismissed her suit for separation and granted the husband’s reconventional demand for separation without specifying the grounds. The judgment expressly continued the alimony pending litigation and child support. Three months later, the husband filed for divorce on grounds of living apart for one year, and on August 6, 1973, he obtained a judgment of divorce by default. The divorce judgment did not mention either child support or alimony.
Louis Munsch apparently continued to pay $200.00 to his former wife each month until May 1981. In August of 1982, nine years after the divorce, Ms. Bergeron filed a rule to increase the amount of the support payments and to have Munsch held in contempt for failure to pay past alimony and child support. On January 20, 1983, the Court found Mr. Munsch in contempt, increased child support to $150.00 per month, and decreed that “alimony remains, or is fixed, at $100.00 per month.”
Rather than appeal that finding or judgment, Munsch responded by filing a motion to determine fault for the purpose of terminating alimony. After having once been found in contempt, Munsch wanted a judicial determination that he was not compelled to pay alimony. The Court in the meantime terminated child support because the child had reached the age of majority; hence, child support is not an issue in this appeal. On June 26, 1984, the Trial Court maintained exceptions of no cause of action and no right of action, dismissing Munsch’s Rule to Determine Fault.
Munsch alleges the Trial Court erred and that he is entitled to a judgment declaring he does not have to pay permanent alimony because his wife was at fault in causing the dissolution of the marriage. *304 The substantive legal basis of Munsch’s action lies in Civil Code Article 160 which allows alimony after divorce only for a former spouse who “has not been at fault” in the dissolution of the marriage. Fault which will preclude alimony after divorce must be sufficient to constitute an independent contributing or proximate cause of the breakup of the marriage. Pearce v. Pearce, 348 So.2d 75 (La.1977). A judicial determination of fault at the time of legal separation or in another judgment will bar re-litigation of the issue in subsequent proceedings. Fulmer v. Fulmer, 301 So.2d 622 (La.1974). Fault is not an issue in awarding alimony pending suit for separation or divorce, Levine v. Levine, 373 So.2d 1380 (La.App. 4th Cir.1979), but alimony pendente lite terminates upon divorce. Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956).
In his appeal, Munsch argues that he has properly submitted the question of alimony to the Court for a judicial determination on the issue of fault since he is not entitled to unilaterally alter an existing alimony arrangement. While we agree that Munsch cannot unilaterally terminate alimony, we believe the Trial Court was correct when it dismissed his rule to determine fault. Fault simply does not become an issue until a spouse has petitioned for permanent alimony. In this case, there is neither a petition requesting permanent alimony nor a judgment that requires Munsch to pay it. Additionally, we have reviewed the record of this protracted litigation and find there is no judgment either holding the wife at fault in causing the dissolution of the marriage nor awarding post-divorce alimony based on her freedom from fault.
Although after a hearing in January 1983, nearly ten years after the divorce, the Trial Court found Louis Munsch in contempt for failure to pay alimony and ordered him to continue to pay $100.00 per month in alimony, we believe that judgment was in error since neither had Ms. Bergeron ever petitioned for permanent alimony nor had a judgment ordered it. The transcript of the hearing shows that the only issues on which evidence was presented were the determination of “arrearages” and Ms. Bergeron’s request for an increase based upon the parties’ respective needs and means. As a matter of fact, at one point during the proceedings, Ms. Berger-on’s attorney objected to a line of questioning as irrelevant, stating “[t]his is not a trial on question of fault.”
Thus, the judgment of January 20, 1983 cannot be construed as a determination of fault nor as a valid award of permanent alimony. As the Supreme Court stated in Bernhardt v. Bernhardt, 283 So.2d 226, 229 (La.1973):
Article 160 of the Civil Code authorizes the court, in its discretion, to award alimony after divorce to a wife only when the wife has not been at fault and when she has not sufficient means for her support. If these two conditions are not established, the court does not have the authority to grant alimony after divorce.
It appears the alimony award in the January 20, 1983 judgment was based upon an oversight by the Trial Judge. His judgment reads: “Alimony remains, or is fixed, at $100.00 per month; child support is increased to $150.00 per month ...” We believe the Trial Judge overlooked the fact that the previous award of $200.00 per month in alimony and child support was made before the legal separation and divorce, and therefore it abated with the divorce judgment. Thornton v. Floyd, supra. Had Louis Munsch appealed the alimony award of the judgment of January 20, 1983, we would have been compelled to reverse as the Trial Judge clearly erred.
The issue of abatement of the alimony pendente lite brings us to Ms. Ber-geron’s major contention in this appeal. She argues that her former husband has no cause or right of action to now litigate the issue of fault because he impliedly consented to pay alimony after divorce. She argues his implied consent to pay is tantamount to a consent judgment and should be recognized as such. It is true that for nearly eight years after the divorce of Au *305 gust 6, 1973, Mr. Munsch paid Ms. Berger-on $200.00 per month, which was the amount of child support and alimony pen-dente lite ordered by the judgment of August 11, 1972. When this judgment abated after the divorce, Munsch was not required to continue the payments, but he did so voluntarily for reasons unknown. While cases such as Gautreaux v. Guatreaux, 382 So.2d 996 (La.App. 1st Cir.1980), provide that by consent judgment one can agree to pay permanent alimony to a former spouse regardless of fault, there is no consent judgment in this case. We hold that mere voluntary payments are not a judicial admission that a former spouse is entitled to permanent alimony. Nor can such payments be construed as judicially enforceable consent to pay. See, Bernhardt v. Bernhardt, supra. Consent to an obligation may be implied from actions only when circumstances unequivocally indicate agreement or when the law presumes it. See, Bagby v. Dillon, 434 So.2d 654 at 658 (La.App. 3rd Cir.1983). In the case before us we cannot say that Mr. Munsch’s monthly payment after the divorce of a sum representing child support as well as alimony pendente lite implies his consent to pay permanent alimony. It is just as easy to infer that Mr. Munsch’s payments were voluntarily made to his former wife as additional child support until their daughter reached eighteen years of age.
Hence, we affirm the Trial Court judgment because a judicial determination of fault for the dissolution of a marriage should not be made until a former spouse petitions for permanent alimony. Munsch’s former wife, Evelyn Ann Berger-on, has never petitioned for permanent alimony after the divorce nor sought to show that she was free from fault. Therefore, Munsch cannot ask the Trial Court to determine which of the parties was at fault.
Louis Munsch is not legally bound to pay permanent alimony to his former wife until she petitions the court for alimony, at which time the issue of fault will be determined. Until ■ then, he has no cause of action for a judicial determination of fault.
AFFIRMED.