KLIEBERT, Judge.
The wife, Shirley Stumpf Impastato, perfected this appeal from an August 26,1987 judgment rendered following a consolidated hearing on the wife’s rules: (a) for contempt for failure to pay alimony; (b) to make executory arrearages in past due alimony; and (c) for an increase in alimony *354 previously awarded, and the rule of Vincent Impastato (the husband) for a determination of fault in the breakup of the marriage and a termination of alimony or, alternatively, a decrease in alimony.
The parties had been previously divorced by a judgment dated October 29, 1984, rendered on the husband’s petition alleging their having lived separate and apart for more than one year. The divorce judgment had also provided for alimony as follows:
“It is Further Ordered, Adjudged and Decreed that petitioner [the husband] pay unto defendant [the wife] $600.00 per month temporary alimony plus household expenses. This amount of alimony is not subject to the presumption of having to show a change of circumstances.”
The judgment appealed from, based on evidence submitted over the wife’s objection, found both parties to be at fault in the breakup of the marriage and for that reason (a) terminated the alimony retroactively to December 26, 1986, the date of filing of the husband’s rule; (b) dismissed the rule for contempt and effected an accounting between the payments made by the husband subsequent to the date the rule was filed and the arrearage in payment of past due alimony prior to that time; and (c) awarded to the wife for the net arrearage in alimony payments the sum of $200.00. At the consolidated trial court hearing, counsel-for-the-wife’s objections to the introduction of evidence on the issue of fault were rejected because no written exceptions had been filed. After the record was lodged in this court, counsel for the wife filed exceptions of no cause of action and res judicata, and a motion to dismiss the appeal. These were predicated on the contention the alimony awarded in the October 29, 1984 judgment was permanent alimony as authorized by Civil Code Article 160.
For the reasons hereafter stated, we maintain the exceptions and hence reverse and set aside the judgment of August 26, 1986 and remand the case to the trial court for further hearing on the wife’s rules for contempt, to make executory the arrearage in alimony and for increase in alimony.
Although the parties may by mutual agreement provide for payment of amounts under terms and conditions other than those prescribed by statutory authority, and with court authority have such agreements reduced to consent judgments, the court’s authorization to condemn a spouse to pay alimony is derived from the provisions of Civil Code Article 148 or Article 160.
During the pendency of the marital litigation, the trial court has authority to grant alimony pendente lite pursuant to and in accordance with the provisions of Civil Code Article 148. Since alimony pen-dente lite arises out of a spouse’s obligation to support the other during the pendency of the marriage and since the marriage continues during an appeal, alimony pendente lite does not terminate during pendency of appeals until there is a final definitive judgment of divorce; i.e., one which has acquired the authority of the thing adjudged. Cassidy v. Cassidy, 477 So.2d 84 (La.1985); Cabral v. Cabral, 503 So.2d 144 (5th Cir.1987) writ denied 505 So.2d 1148, 1149.
However, once a judgment of divorce becomes definitive and final the right to receive alimony pendente lite terminates because the marriage has terminated. Thereafter, the court’s authority to grant alimony to the divorce spouse is derived from and subject to the provisions of Civil Code Article 160, which authorizes the court to award one spouse out of the property and earnings of the other “permanent periodic alimony ” when that spouse has not been at fault and has not sufficient means for support.
As a general rule, once a divorce is decreed and the judgment awarding permanent alimony subsequent to the decree becomes final, the question of fault in the breakup of the marriage is foreclosed whether specifically litigated between the parties or not. See Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Shows v. Shows, 345 So.2d 975 (2nd Cir.1977) writ refused 347 So.2d 248 (La.1977); Boswell v. *355 Boswell, 501 So.2d 972 (2nd Cir.1987). Thus, the underlying issue in reaching a conclusion as to the validity of the exceptions filed by the wife is whether the alimony awarded in the October 1984 judgment was permanent alimony authorized by Civil Code Article 160 or alimony pendente lite authorized by Article 148, or some other payments mutually agreed upon and incorporated into the divorce judgment as a consent decree judgment.
The contents of the record before us were designated by the parties. It contains the original petition for divorce and the answers, but no transcript of hearings or other pleadings filed prior to the October 29, 1984 divorce judgment and alimony award. Hence, there is no indication in the record as to the basis for the award of alimony in the divorce decree; i.e., whether it was based on a request in a pleading filed by the wife, which is not contained in the record before us, and/or based on an agreement by the parties and a verbal request to the court to incorporate it into the divorce decree, or based on some other reason. Therefore, we consider the alimony judgment as it appears within its four comers as one based on the evidence submitted to the trial court, which evidence is not part of the record before us and not subject to this review. From that point of view, the issue narrows to a determination of whether the alimony was awarded by the trial court pursuant to its authorization under Civil Code Article 148 or Civil Code Article 160. Since there is no indication whether there was a prior award of alimony pendente lite and since the award was incorporated into a divorce decree, we conclude the alimony was intended to be that authorized by Civil Code Article 160, notwithstanding the use of the word “temporary” [1] in the awarding judgment. Therefore, under the ruling of the Bernhardt case, supra, in the absence of an appeal the divorce and alimony judgment became definitive on the expiration of the delays for the appeal. Thus, the husband’s consent to the payment of alimony after the divorce was an acknowledgment of the prerequisites to post divorce alimony (i.e., the wife was not at fault and was in necessitous circumstances) and hence foreclosed subsequent inquiry into the wife’s fault. Accordingly, we maintain the exception of res judicata.
In reaching this conclusion, we are not unmindful of our brethren’s decisions in Bergeron v. Munsch, 471 So.2d 302 (4th Cir.1985) and DeMontluzin v. DeMontluzin, 464 So.2d 948 (4th Cir.1985). However, we believe these decisions are distinguishable from the present situation on the facts. In Bergeron and DeMontluzin the awards were coupled with child support and framed to achieve particular tax results. Also, in Demontluzin the alimony had a specific termination date, i.e., the date of the youngest child’s eighteenth birthday. Moreover, we note that in the Bergeron case an exception of no cause of action was maintained because there was no pending petition requesting alimony. Using the same rationale here, the exception of no cause of action would be valid.
For the reasons above stated, therefore, we reverse and set aside the trial court’s ruling and remand the case for hearing on the wife’s rules for (a) contempt, (b) to make executory the arrearages in alimony and for increase in future alimony along with the husband’s rule for a decrease in alimony. Costs are to be borne by the husband.
REVERSED, SET ASIDE AND REMANDED.

. In view of the addition of the sentence "This amount of alimony is not subject to the presumption of having to show a change of circumstances” it would he reasonable to conclude that the word "temporary” was used in an effort to avoid the legal effect which would flow from the award of alimony; i.e., the amount thereof could not be changed unless there was a change in circumstances.