ON REMAND FROM THE SUPREME COURT
KLIEBERT, Judge.
We originally considered this appeal and handed down an opinion, published at 527 So.2d 353 (5th Cir.1988). There we maintained exceptions of res judicata and no cause of action filed for the first time in this court, and set aside the trial court’s judgment finding the wife at fault in the breakup of the marriage and therefore terminating the alimony award made at the time the divroce decree was rendered. The supreme court granted certiorari, reversed our judgment, and remanded the case to us with instructions to permit the supplementation of the record with a transcript of the October 29, 1984 divorce hearing. 532 So. 2d 755.
Although counsel for the husband stated in his writ application to the supreme court that a copy of a motion to supplement the record had been filed in this court, the record does not contain such a motion nor does the docket book maintained by the court reflect the filing of such a motion. However, we were furnished a copy of the ■writ application to which was attached a copy of the transcript of the October 29, 1984 divorce hearing at which the divorce was granted. Therefore, pursuant to the instructions given on the remand, we have read and considered the transcript of the 1984 hearing.
Although the transcript reveals the grounds for the divorce was a no fault ground, i.e., living separate and apart for one year, neither the transcript nor the judgment shows the alimony award was based on a consent agreement or that the husband did not waive his right to contest fault or reserved his right to subsequently show fault. Rather, the transcript shows the trial judge was aware the granting of the divorce would present an alimony problem and called the attorneys into chambers, apparently to discuss same. Moreover, the record shows the husband subsequently acquiesced in continued payment of alimony to avoid contempt proceedings. Having considered the 1984 transcript, we hold the husband-appellee failed to sustain his burden of proving that he did not waive his right to litigate the issue of fault or reserved the right to subsequently litigate it and therefore we adhere to our original opinion.
AFFIRMED.