WATKINS, Judge.
The sole issue in this appeal is whether the trial court erred in continuing an award of alimony pendente lite after a final divorce had been granted but before a hearing on permanent alimony was heard.
FACTS
Mr. Lamon L. Moody and Mrs. Eves Thi-bodeaux Moody were married on September 22, 1954. On October 27, 1986, Mrs. Moody filed for legal separation. A judgment awarding alimony pendente lite was signed December 3, 1986, awarding Mrs. Moody $1,500.00 per month retroactive to November 1, 1986. The parties were legally separated on September 30, 1987, based upon Mr. Moody's fault. The judgment of separation was appealed and affirmed, and writs were denied on June 2, 1989. Mr. Moody filed for divorce on February 8, 1991, and Mrs. Moody reconvened for permanent alimony. On October 21, 1991, Mr. Moody filed a rule to have the reconven-tional demand for permanent alimony severed from the uncontested divorce claim. On November 20, 1991, a divorce was granted to Mr. Moody. However, the judgment of divorce stated:
Whereupon the court, taking note of the status conference held in this matter on November 14, 1991, and the Court further noting that Eves Thibodeaux Moody waived her appearance herein, the parties having agreed to set the issue of permanent alimony for hearing on January 3, 1992, at 9:00 a.m., and to sever the issue of the divorce from the permanent alimony on the condition that alimony continue to be paid in accordance with the alimony pendente lite judgment previously issued in this matter through the date of the hearing on permanent alimony in conformance with the decision of Von Damek vs. Von Damek,[1] and the court further noting that a fault determination has already been made in these proceedings and affirmed on appeal, finding Eves Thibodeaux Moody free of fault and casting Lamon L. Moody, Jr., guilty of fault in these, proceedings, ...
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Lamon L. Moody, Jr., shall continue to pay all sums due and owing pursuant to the previous order of this Court with respect to alimony pendente lite in compliance with the decision of Von Damek vs. Von Damek through the date of the hearing on the issue of permanent alimony without prejudice and subject to any credits Mr. Moody may be due. (Emphasis supplied.)
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the issue of permanent alimony is set for hearing on January 3, 1992, at 9:00 a.m.
Mr. Moody appealed this judgment alleging that the trial court erred in continuing alimony pendente lite after the rendition of a judgment of divorce subsequent to a judgment of separation in which the issue *1007 of fault had been definitively decided. We agree.
A trial court has the authority to grant alimony pendente lite during the pen-dency of the suit for divorce. LSA-C.C. art. 111. However, once a judgment of divorce becomes definitive and final, the right to receive alimony pendente lite terminates. Cassidy v. Cassidy, 477 So.2d 84 (La.1985). Thereafter, the court’s authority to grant alimony is derived from and subject to the provisions of LSA-C.C. art. 112, which authorizes the court to award one spouse, out of the property and earnings of the other, “permanent periodic alimony which shall not exceed one-third of his or her income.”
The issue of when a divorce is definitive and final, for the purposes of alimony pen-dente lite, was addressed by this Court most recently in Von Dameck v. Von Dameck, CW 91 1678 (1991), wherein we granted Mrs. Von Dameck’s writ application seeking the continuance of alimony pendente lite where a final divorce was granted based upon the parties living separate and apart but the issue of fault had not yet been decided. In an unpublished decision we granted the writ in part and ordered the alimony pendente lite to continue pending a final determination of the fault issue. In granting this relief we relied on our previous decision of Nungesser v. Nungesser, 558 So.2d 695 (La.App. 1st Cir.), writ denied, 560 So.2d 30 (La.1990).
In Nungesser v. Nungesser this court found that when a trial court’s fault findings as to a separation judgment had been appealed, the husband’s obligation to pay alimony pendente lite continued until there was a final determination on the fault question, even though a subsequent divorce judgment had been rendered and become definitive.[2]
We believe that the trial court’s reliance upon the Von Dameck and Nungesser decisions in the instant case is misplaced. The facts of the instant case are clearly distinguishable in that a final determination of fault preceded the final judgment of divorce. Accordingly, there is no authority for continuing alimony pendente lite unless the parties by mutual agreement, and with court authority, provided for the payment of alimony under terms and conditions other than those prescribed by statutory authority. Impastato v. Impastato, 527 So.2d 353 (La.App. 5th Cir.), reversed and remanded on other grounds, 532 So.2d 755 (La.1988), affirmed, 535 So.2d 1347 (La.App. 5th Cir.1988), writ denied, 537 So.2d 1172 (La.1989).
The judgment of the trial court, as set out in part above, indicates that an attempt was made by the parties to reach an agreement regarding the continuance of alimony pendente lite pending the hearing on permanent alimony which was set for January 3, 1991. The following discussion took place immediately prior to the hearing on the divorce:
[Counsel for Mrs. Moody] Your honor, before he takes the stand, if I could for the record, we spoke to you in Chambers about the issue of alimony and Mrs. Moody was found free of fault and Mr. Moody was cast at fault at the time of the separation. She’s being (sic) receiving alimony pendente lite pursuant to judgment. We had a status conference here last Thursday where we agreed that we would take the divorce up predicated on having a hearing on the permanent alimony and alimony pendente lite continuing. There’s a dispute between Mr. Hebert and I about the sumantics (sic) about whether the alimony should terminate January 3rd regardless of whether we had the hearing that day or should continue to the hearing and your honor, indicated to me to check into that before you signed the judgment and I wanted for the record to state an objection if it states that it’s going to terminate on a specific date without having a hearing on it (unintelligible) pursuant to Von-Dom-inick (sic).
*1008 [Counsel for Mr. Moody] ... Mr. Moody has been paying the temporary alimony in excess of four years and it’s time that that temporary alimony comes to an end and that Mrs. Moody should now have the burden of getting her case to Court or hearing on any permanent alimony and that first and foremost the alimony should terminate with the granting if (sic) a divorce and should not be continued any further then (sic) the divorce and it’s my understand (sic) that the Court will reserve a ruling on that and notify counsel at a later date. The case is scheduled on your docket for January 3rd for hearing on the permanent alimony (sic).
THE COURT: That’s correct.
[Counsel for Mrs. Moody] And your honor, for the record, we have agreed to that date and fully intend to have a hearing on that date.
THE COURT: I do want to review (unintelligible)....
It is clear from the above discussion that Mr. Moody did not consent to the indefinite continuance of alimony pendente lite, and therefore the portion of the judgment continuing alimony pendente lite cannot be considered a consent judgment.
Under the circumstances in the present case the proper procedure would have been to terminate the alimony pendente lite after the judgment of divorce became final. Thereafter the court has the authority to make any subsequent award of permanent alimony retroactive. LSA-R.S. 9:310.
For the reasons assigned, we reverse the portion of the trial court judgment continuing alimony pendente lite; the judgment is affirmed in all other respects. Costs of this appeal are to be paid by Eves, Thibo-deaux Moody.[3]
AFFIRMED IN PART; REVERSED IN PART.

. In this cite the name Von Dameck is misspelled.

. This same result has been reached in Miguez v. Miguez, 604 So.2d 1056 (La.App. 2 Cir.), writ denied, 608 So.2d 194 (La.1992); Nugent v. Nugent, 533 So.2d 1370 (La.App. 3d Cir.1988); see also Martinez v. Martinez, 503 So.2d 544 (La.App. 4th Cir.1987); however, compare Williams v. Williams, 541 So.2d 928 (La.App. 5th Cir.), writ denied, 544 So.2d 384 (La.1989).