MOORE, J.
|! Alice Lee appeals a judgment dismissing her rule for final periodic support. The district court found that a divorce agreement executed by Alice and her former husband, Howard Lewis Lee, Jr., waived any claim for final periodic support. We affirm.

Factual Background

After 32 years of marriage, the parties separated and Alice filed for Art. 102 divorce. Lewis later filed for Art. 103(1) divorce. By an amending petition, Alice alleged that “through threats and coercion” Lewis had “persuaded” her to execute a divorce agreement or else he would flee the country and leave her destitute. The agreement provided, in extenso:
DIVORCE AGREEMENT
This AGREEMENT, made this 7 day of July, 2003, between Howard Lewis Lee, Jr. and Alice Moore Lee, states that we have decided to end our 31 year marriage, [and] agree to the following:
1. Howard Lewis Lee, Jr. agrees to donate his half of the property located at 5220 Highway 2 West and all improvements on it to Alice Moore Lee and from this day forward will not be community property.
2. Lewis and Alice agree that for the next 6 months Lewis will be responsible for all of the household bills.
3. For the 6 months after the divorce is finalized Lewis has agreed to pay temporary alimony of one half of his salary.
4. For the next year, Lewis has agreed to pay one weeks [sic] salary per month to Alice.
5. Lewis will continue to pay the payment on Alice’s car and will donate it to her. It will not be considered as community property.
(Signed, witnessed and notarized.)
|aThe district court granted Lewis’s Art. 103 divorce in April 2004.
In October 2005, Alice filed the instant petition in rule for permanent spousal support (now referred to in Arts. Ill and 112 as “final periodic support”). She alleged that under the divorce agreement, she had received the stipulated 18 months’ interim periodic support, but was now destitute, in necessitous circumstances, and free from fault in the dissolution, so she demanded final periodic support.
Lewis filed a peremptory exception of res judicata, urging that the divorce agreement completely settled all claims for spousal support.
*319 At a hearing in May 2006, the district court found that the parties had agreed to “certain contractual amounts,” starting with six months at one-half his monthly salary, followed by 12 months at one week’s salary. Although the agreement contained “no formal language of alimony or waiving alimony,” the court found it expressed the parties’ complete agreement that alimony would terminate after 18 months. The court therefore sustained Lewis’s exception of res judicata and dismissed Alice’s rule with prejudice. Alice has appealed.

The Parties’ Contentions

By one assignment of error, Alice urges the district court erred in sustaining the exception of res judicata and dismissing her rule. Referring to the divorce agreement, she contends that at no point did the parties address the issue of permanent periodic spousal support. She further contends that there is no authority holding that when the parties enter an agreement regarding interim spousal support, this fact precludes the |3receiving spouse from exercising her right to seek final spousal support.
Lewis responds that the divorce agreement was a valid interspousal contract with provisions for permanent alimony under Langley v. Langley, 94-726 (La.App. 3 Cir. 12/7/94), 647 So.2d 640. He also submits there is no public policy against waiving permanent alimony. McAlpine v. McAlpine, 94-1594 (La.9/5/96), 679 So.2d 85. He further contends that the agreement gave Alice specified amounts of interim periodic support for 18 months, roughly the normal allowance under La. C.C. art. 113, and Lewis paid every installment. He concedes that the agreement is “not as specific” as it could have been, but that ¶ 3 was the equivalent of interim periodic support and ¶ 4, final support. He concludes that unless the agreement is construed to cover all claims for spousal support, he would not have obtained any benefit from entering it.

Discussion

In McAlpine v. McAlpine, supra, the court held that permanent alimony is a law enacted not for the public interest but for the protection of individuals; thus, the parties are free to waive it by marital agreements. The court further held that the rules applicable to the validity of such agreements are the same as for other contracts. Id., 679 So.2d at 93. “Permanent alimony” is now known as final periodic support. La. C.C. art. 112.
The divorce agreement was a transaction or compromise under La. C.C. art. 3071. Moore v. Moore, 05-628 (La.App. 3 Cir. 12/30/05), 920 So.2d 297, writ denied, 2006-0574 (La.5/26/06), 930 So.2d 24. The scope of the transaction or compromise is regulated by La. C.C. art. 3073:
|/Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises.
In applying the rule of construction set forth by Art. 3073, courts are guided by the principle that the contract must be construed as a whole and in light of the attending events and circumstances. Brown v. Drillers Inc., 93-1019 (La.1/14/94), 630 So.2d 741. A general release does not necessarily bar recovery of those aspects of a claim not intended by the parties to be covered by the release. Id., 630 So.2d at 749. Courts have allowed *320 the introduction of parol evidence upon a showing “(1) that the releasor was mistaken as to what he or she was signing, even though fraud was not present, or (2) that the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim.” Id. In Brown, supra, the court found that a general release executed by an injured worker and his wife prior to his death was not intended to cover wrongful death claims accruing to the wife upon his death.
We have closely examined the divorce agreement and agree with the district court that it could have been more specific; it makes no direct reference to final periodic support or permanent alimony. In fact, the failure to mention permanent alimony in a consent judgment was found to undermine a waiver in deMontluzin v. deMontluzin, 464 So.2d 948 (La.App.g 4 Cir.1985). However, deMontluzin was decided before the court firmly established the right to contract with respect to final periodic support in McAlpine v. McAlpine, supra. deMontluzin also predated the court’s pronouncements with respect to the interpretation of compromises in Brown v. Drillers Inc., supra. We therefore do not consider deMontluzin dispositive of the instant case.
Instead, we analyze the agreement as a whole, in accordance with Brown v. Drillers Inc., supra, and Moore v. Moore, supra. The agreement first allocates the community property, with Lewis transferring all his interest in the immovable property and the car to Alice. It then provides that for the first six months, Lewis will cover all the household bills and pay Alice one-half of his monthly salary. Finally, for the next 12 months, Lewis will pay Alice one week’s salary per month.
We view this as a graduated payment schedule that roughly follows the traditional scheme of interim and final support of La. C.C. arts. Ill and 112. The amounts of payments, as a percentage of Lewis’s salary, are such that the agreement reasonably comprises the totality of his support obligation. In addition, he effectively donated to Alice his interest in immovable property and a car. He would receive no benefit from this generous agreement if the parties had intended to relitigate the issue of final support.
In light of the attending events and circumstances, this agreement is valid. Moore v. Moore, supra; McAlpine v. McAlpine, supra; Langley v. (Langley, supra; Unkel v. Unkel, 29,728 (La.App. 2 Cir. 8/20/97), 699 So.2d 472.

Conclusion

For the reasons expressed, the district court did not err in finding that the parties provided for 18 months’ graduated payments of periodic support and nothing further. The judgment sustaining Lewis’s exception of res judicata and dismissing Alice’s rule is therefore affirmed. Costs are to be paid by Alice M. Lee.
AFFIRMED.