BOUTALL, Judge.
This is a domestic suit. From a judgment in favor of the plaintiff wife in a rule for contempt and for arrearage of alimony pendente lite, the defendant husband appeals. We affirm.
Vernona Jones and Guy L. Carter were married in 1971. On June 2, 1978 the wife obtained a default judgment of separation and an award of $45.00 per week alimony pendente lite. On June 10, 1982 the wife obtained a default judgment of divorce under LSA-R.S. 9:302, alleging that more than a year had passed and no reconciliation had taken place since the judgment of separation became final. The divorce judgment is silent as to alimony. On January 31, 1983 Mrs. Carter filed a rule against her ex-husband for contempt and for back alimony pendente lite and attorney’s fees. Carter filed an opposition on grounds that a reconciliation had occurred shortly after the judgment of separation, lasting until 1980.
The trial judge considered the factual and procedural problems and rendered judgment based on the following:
“Review of the record reveals that defendant was ordered by this Court to make alimony pendente lite payments to petitioner during the period between April 28, 1978, and June 10, 1982, and has made no payment to date. Accordingly, under LSA-C.C. Art. 3538, petitioner is entitled to alimony pendente lite in the amount of $45.00 per week, from three years before motion for contempt was filed, on January 31, 1983. Said time period commencing from January 31, 1980, until her rights to said alimony ceased on June 10, 1982, said time period being 124 weeks, yielding a net total of $5,580.00 due in judgment, together with all applicable interest, plus attorney’s fees, and for all costs of this suit.”
This appeal followed.
Counsel for the appellant raises these issues: whether the appellant may raise the defense of reconciliation against a suit for past due alimony after judgments of *801 separation and divorce have been rendered and whether a reconciliation automatically terminates an award of alimony pendente lite.
The trial judge stated in his reasons for judgment that Carter’s defense against the rule for execution of judgment constituted a collateral attack on a final judgment of divorce which may only be nullified in a direct action. La.C.C.P. art. 2004; Makar v. Ivy, 291 So.2d 861 (La.App. 3rd Cir.1974).
Carter’s position is that he is not attacking the divorce. Since the issue of alimony had not been litigated before, he is not barred by res judicata. The trial judge stated that Carter had been served with the petition in the separation and divorce suits, in each of which it was alleged that the couple had not resumed a marital relationship. Carter chose not to answer or appear in either suit, but evidence was heard at both hearings as to the status of the relationship. The court said:
“... Defendant cannot sit idly by and acquiesce in the final judgment and then attempt to defeat the same by relitigat-ing the identical issues which were the very essence of the judgment.”
Carter argues that the divorce judgment does not reflect a judicial admission that the couple had not reconciled after the judgment of separation, but only that reconciliation had not occurred in the year immediately prior to the divorce judgment. The alleged earlier reconciliation would automatically extinguish both the separation judgment and his obligation to pay alimony. This position is untenable, because he attacks the very basis for the divorce judgment, namely the prior judgment of separation. Mrs. Carter's petition for divorce specifically sets out the grounds of LSA-R.S. 9:302, which reads in pertinent part:
“A. When there has been no reconciliation between the spouses for a period of six months or more from the date the judgment of separation from bed and board was signed, either spouse may obtain a judgment of divorce.” [Emphasis supplied.]
Both the judgments are definitive and represent the law between the parties. La. C.C.P. art. 1841, 1842. The judgments can now be attacked only by an action of nullity on grounds of vices of substance. La.C. C.P. art. 2004. The appellant’s reference to Hickman v. Hickman, 218 So.2d 48 (La.App. 3rd Cir.1969), is inapposite. While that case held that reconciliation would extinguish a prior decree, a custody order, it does not provide authority for raising reconciliation as a defense when the issue of reconciliation is res judicata.
The Supreme Court held in Dubroc v. Dubroc, 388 So.2d 377 (La.1980), that the Louisiana Civil Code does not mandate a lawsuit for a change in alimony and that oral agreements between the parties to suspend or reduce support are enforceable. However, the evidence of a mutual agreement must be convincing, and a spouse’s failure to complain of nonpayment over a period of time does not deprive her of the right to make past due alimony executory. Dubroc v. Dubroc, supra, and cases cited therein.
Accordingly, we have examined the transcript for evidence of an agreement between Vernona Carter and Guy Carter to ignore the award of alimony provided by the separation judgment. Mrs. Carter, when asked whether she had agreed not to demand it, testified as follows:
“... I said that I would never ask Guy for anything except what he owed me. That if and when he was able to give it to me I would expect him to pay me back what he owed me...."
Mr. Carter testified to the contrary, that she had said she did not want alimony and the award was in the judgment because her lawyer insisted upon it. Both parties testified that Mr. Carter had had several illnesses and an accident in the years following the separation, and was unable to work for part of that time. We conclude from the testimony that he was financially unable to fulfill his obligation until he received a sizeable settlement for his injury, and Mrs. Carter had chosen not to press him for *802 payment. Her forebearanee did not constitute a waiver of the right to collect what was due her and there is no evidence strongly suggesting an agreement to release him from his obligation. Consequently, Mrs. Carter is entitled to collect the arrearage of alimony pendente lite, as ordered by the trial judge.
For the reasons stated above, the judgment appealed from is affirmed.
AFFIRMED.