KLIEBERT, Judge.
This is a suspensive appeal by the husband, Gerald R. Babin, from a judgment in favor of his wife, Beryl Corceller Babin, requiring the husband to post a cash bond, pursuant to the provisions of LSA-R.S. 46:236.3, in the amount of $15,000.00 to secure the payment of past due amounts of support, interest, attorney fees, court costs and fees. We affirm.
This marital dispute commenced when Mrs. Babin filed a petition for separation *39 on October 23, 1979. During the course of the litigation numerous rules to increase child support, change custody, and motion to make past due child support payments executory were filed, which resulted in some $17,000.00 of past due payments. The particular rule involved here was filed on August 20, 1985 and sought an increase in child support. It was coupled with a motion for a wage assignment filed pursuant to LSA-R.S. 46:236.3 for the purpose of liquidating past due alimony pendente lite, medical expenses, child support, fines, attorney fees, interest and costs. Following the hearing on the rule the trial court increased the child support payments to $425.00 per month and ordered the husband to post a surety bond with sureties acceptable to the court in the amount of $15,000.00, citing as his authority to do so LSA-R.S. 46:236.3 C(l), which provided as follows:
“C. (1) When a person failing to comply with an order of support derives income from self-employment, commission, or is employed by an employer not subject to the jurisdiction of the court, or any other type of employment which makes the application ofR.S. 46:236.3A and B impractical, the court may require the person to enter into bond to the court in the amount of the past due support plus a sum fixed by the court to insure the payment of support as it becomes due for a period of not less than three months, with sureties approved by the court, conditioned upon the person making payment as previously ordered.” (Emphasis Supplied)
The history of this case, as reflected by the record,[1] shows the husband is employed by Babin Motors and Family Investment, two closely held corporations, with his father owning the majority interest and he holding a minority interest. Mr. Babin is entitled to director’s fees and dividends on his shares. The dividends declared are within the discretion of the father, the majority stockholder. Also, during the marriage, the husband received $38,000.00 in income from his father, which was categorized by the husband as a “gratuity”.
At the time of the rule, the husband had subsequently been “laid off” by his father and later rehired at a lower rate of pay which netted him $212.00 per week. According to the husband salaries were cut back due to fluctuation in the volume of business. The senior Mr. Babin testified that Babin Auto declared bonuses to its employees periodically and that in 1977 his son received a $18,000.00 bonus; however, he admitted the question of whether the bonuses were paid on a year-to-year basis were completely within his discretion.
Based upon the evidence before him the trial court concluded:
“As I mentioned, I believe this does give her an additional vehicle to collect child support and I believe it — Section 2 would be more applicable in this case. And that is, it says ‘When a person failing to comply with an order of support derives income from self-employment, commission or is employed by an employer not subject to the jurisdiction of the Court or any type of employment which makes the application of R.S. 46:236.31 impractical, the Court may require the person enter into a bond.’ Because he is employed essentially by his father, his father controls the amount of moneys that he gets each month, I believe that it is impractical to apply the first section of this statute, and I believe that I now have the authority to require him to enter into a bond for the amount of the past due support, with security — with sureties approved by this Court, and that bond is conditioned upon him making payment as previously ordered...”
On appeal Mr. Babin contends the trial court erred because (1) it granted relief not prayed for by the pleadings, (2) there were not past due payments on a continuing obligation to support as is required to trigger the application of LSA-R.S. 46:236.3, *40 and (3) there was no basis for applying LSA-R.S. 46:236.3.
Although her motion was vague, it is apparent the wife, by filing the motion, sought relief from her husband’s refusal to make payments in accordance with the court’s previous orders. Thus, the fact the wife specifically asked for a “wage assignment” does not prohibit the trial court from granting her other relief to which she may be entitled under the statute, i.e., LSA-R.S. 46:236.3. Additionally, considering the past history of the case (above stated) and the evidence at the hearing on the rule relative to the father’s discretionary control over the amount and the time of payment of the husband’s earnings, in our view, the underlined portions of the above quoted provision of LSA-R.S. 46:236.3 C(l) are applicable to the situation presented here. Further, considering the past arrear-age, the husband’s employment situation, and his prior refusals to make ordered payments, we cannot say the trial court erred. Rather, as we view it, he properly applied the statute.
Accordingly, we affirm the trial judge’s ruling. All costs to be paid by the appellant.

. The record consists of the testimony taken on the merits and the various rules including the rule here in question which was heard on January 3, 1985.