GOTHARD, Judge.
This appeal arises from a controversy over alimony. The wife appeals a judgment that nullified a previous judgment in her favor.
Beryl Corceller Babin and Gerald R. Ba-bin separated in 1979. Mrs. Babin and a child born after the separation lived in Jefferson, the husband in Catahoula Parish. *836 The wife filed for separation in the 24th Judicial District Court on October 23, 1979, alleging cruel treatment, and continuous litigation has followed. On December 19, 1979 alimony pendente lite was set at $700 per month. In October, 1980, Mrs. Babin obtained a divorce in Jefferson Parish, while Mr. Babin obtained one in Catahoula Parish, both judgments based on LSA-R.S. 9:301. The case was taken up by this court in Babin v. Babin, 420 So.2d 1135 (La.App. 5th Cir.1982), on rehearing, writ denied 427 So.2d 1207 (La.1983), and again in Babin v. Babin, 482 So.2d 38 (La.App. 5th Cir.1986). It is apparent from the two appellate decisions that there has been an ongoing, bitter controversy over child support and alimony.
In the 1982 appeal this court considered the appeals of three separate judgments. It held that the Jefferson Parish court would retain jurisdiction over matters relative to the child, but it annulled the divorce judgment rendered October 9, 1980 in Jefferson Parish; it also annulled a judgment of March 5, 1981 in Jefferson Parish[1] insofar as it found that Gerald Babin was at fault, while Beryl Babin was free of fault.
As to the judgment of divorce rendered in Catahoula Parish in favor of Mr. Babin on October 27,1980, the court recognized it as valid and held that it was definitive as of March 19, 1981, on which date an appeal filed by Mrs. Babin was dismissed. As permanent alimony was not provided in the Catahoula divorce, this court ordered that alimony for the wife would terminate 30 days from March 19, 1981. The appellate decision became a definitive judgment on January 28,1983, when the Supreme Court denied Mr. Babin’s application for writ of certiorari or review, which he had filed following a rehearing.[2]
On May 21, 1985 Mrs. Babin filed a rule for arrearage of “support payments” for the period February, 1981 through January, 1983, plus interest and attorney’s fees. The matter was heard on June 20, 1985, with Mrs. Babin and the two parties’ attorneys present. On that date judgment was rendered awarding Mrs. Babin $6,900 in alimony payments plus interest, $350.00 in attorney’s fees, and court costs. Mr. Babin filed no appeal; however, on May 8, 1986, he filed a petition and rule nisi to nullify that judgment. Mr. Babin alleged fraud and ill practice on the part of the plaintiff and her counsel, “since the facts and circumstances alleged above were specifically within the knowledge and understanding of her counsel.” The fraud and ill practices alleged were 1) Mrs. Babin’s representation that the money was unpaid, when it had been accumulated by judgments of March 24, 1980 ($650.56), March 5, 1981 ($2,900.00), and May 26, 1981 ($4,600.00); and 2) her failure to inform the trial court of the decision of the Fifth Circuit (420 So.2d 1135). On September 9, 1986 the trial court annulled the judgment awarding the arrearage of $6,900.00 “for back alimony pendente lite.”[3] This appeal followed.
The appellant raises the issues of whether she was entitled to accumulate alimony pendente lite while the Jefferson proceeding was on appeal and whether the judgment of June 20, 1985 was subject to attack.[4]

*837
Entitlement To Alimony Pending Appeal.

The appellant’s position is that clearly she was entitled to alimony pendente lite while the suit was on appeal, citing Cassidy v. Cassidy, 477 So.2d 84 (La.1985), and earlier judgments. Her counsel stated in his rule that by judgment of December 19, 1979 she was awarded support of $700.00 per month. He added:
... Then, by Judgment dated March 5, 1981, defendant-in-rule was required to pay $300.00 per month alimony (for a period of three years) and $350.00 per month child support. Mover avers that defendant-in-rule failed and refused to pay the alimony payments.
The demand for $6,900.00 was calculated on the $300.00 per month awarded by the Jefferson court after the divorce, for the period of March 1, 1981 through January 28, 1983, when she alleges, the Catahoula divorce became final.
The Supreme Court in Cassidy v. Cassidy, supra, held that when a divorce judgment is being appealed alimony pen-dente lite continues:
Alimony pendente lite arises from the obligation of one spouse to support the other during the pendency of the marriage, as set out in C.C. 119 and 120. Holliday v. Holliday, 358 So.2d 618, 620 (La.1978). It does not depend on the merits of the suit for separation or divorce, or upon the actual or prospective outcome of the suit. Holliday v. Holli-day, supra. As such, this support does not terminate until a final divorce. Golson v. Golson, 351 So.2d 100, 101 (La. 1977). In this sense, “final divorce” properly must be understood as a definitive judgment of divorce. A definitive judgment is one that has acquired the authority of the thing adjudged. C.C.P. 1842.
Before a divorce judgment becomes definitive, it can be suspensively appealed. C.C.P. 3942. This is, and must be, the case so that a couple does not believe their marriage is at an end, only to find themselves once again married. Since the marriage continues during an appeal of a divorce judgment, so does the obligation of care and support. If one spouse is in need during an appeal of a divorce judgment, it is the duty of the other spouse to support the needy spouse.
Cassidy v. Cassidy, supra, at 85.
In his argument before the court at the hearing of the petition to nullify, counsel for Mr. Babin argued that since the judgment of March 5,1981 was annulled by the Court of Appeal, “There was no alimony judgment running for the period of time ... from March 5, 1981, except for thirty days.... ” Counsel’s argument may have been a valid one as to whether an arrear-age could be claimed on that judgment, as it provided alimony after divorce, not alimony pendente lite. However, the Fifth Circuit decision as to the annulment of the Jefferson divorce and the recognition of the Catahoula divorce was rendered on April 7,1982. In light of Cassidy v. Cassidy, supra, it is arguable that Mrs. Babin was entitled to alimony pendente lite until that date or even until January 28, 1983, when the Supreme Court denied writs to review other issues of the appellate judgment. Accordingly, we find no fraud or ill practice involved in Mrs. Babin’s claim for alimony pendente lite.

Nullity

In the absence of an appeal, a judgment is definitive. La.C.C.P. art. 1842. Thereafter it may be attacked only for vices of form, La.C.C.P. art. 2002 or for vices of substance. Article 2004 provides that that, “A final judgment obtained by fraud or ill practices may be annulled.” The action to annul must be brought within a year of discovery of the fraud or ill practices.
The criteria for actionable fraud or ill practices were set out by the Supreme Court in Johnson v. Jones-Journet, 320 So.2d 533 (La.1975), at 537:
... (1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief, and (2) the enforcement of *838 the judgment would have been unconscionable and inequitable.
In that case the court found against the mover for nullity. The plaintiff had obtained a default judgment against several co-obligors on a note which declared them to be liable in solido rather than jointly. One of the defendants noted the error long after the delay for an appeal had run and moved to nullify for fraud or ill practices. The court held that the defendant failed to show anything more than an error of law which he could have raised as a defense to the suit, and noted that an action of nullity may not be substituted for an appeal. See also Bush v. Lee, 443 So.2d 702 (La.App. 5th Cir.1983), writ denied 446 So.2d 321 (La.1984).
At the hearing of the motion to nullify judgment, the trial judge ruled that Mr. Babin’s first allegation of ill practice, that the arrearage had been accumulated in previous judgments, was in error. The husband’s remaining allegation of ill practice was that:
The said Beryl Corceller Babin and her counsel also neglected to inform the court that by judgment of the Court of Appeal, Fifth Circuit rendered in this cause, sub nom Babin v. Babin, No. 5-120 of the docket of said court, on rehearing September 13, 1982 (420 So.2d 1135), this decree was entered: ... [There followed a quotation from the judgment.]
The judge who had heard the earlier proceedings in the 24th Judicial District Court heard the rule for arrearage. Mr. Babin’s attorney denied personal knowledge of the appeal. As he represented Mr. Babin in the previous appeals as well as in the rule for arrearage (and the present appeal), it is ludicrous for him to imply that only counsel for Mrs. Babin had access to the Fifth Circuit opinion.
The appellant points out in brief that Mr. Babin’s counsel was fully aware that the rule to accumulate arrearage was based upon the March, 1981 judgment, as the rule itself so stated. Counsel for Mrs. Babin made it clear to the court that the matter had been appealed by asking her on the witness stand:
And after all the appeals were taken, finally on January 28, 1983 the Supreme Court rendered their ruling, are you familiar with that?
Further, the appellant argues, counsel for the appellee had thirty days before the hearing to review both the rule and the appellate decision, and sixty days after judgment in which to take an appeal from the award. Where the loss of a legal remedy is largely a matter of the party’s own actions, it cannot be held that an adverse judgment has been obtained through fraud or ill practices, Bush v. Lee, supra. Accordingly, we hold that the record does not support a finding of fraud or ill practices and the judgment of annulment is incorrect.
For the reasons assigned above, the judgment appealed from is set aside and the judgment of June 20,1985 is reinstated, costs of this proceeding to the borne by the defendant, appellee, Gerald R. Babin.
JUDGMENT OF ANNULMENT SET ASIDE; PRIOR JUDGMENT REINSTATED.

. The court had continued the determination of fault, child support, and alimony from the date of hearing the merits of the divorce.

. The amended judgment reads, in pertinent part:
We annul and set aside the order of dismissal of appeal signed January 27, 1981; we annul and set aside the divorce judgment of October 9, 1980, and render judgment in favor of Gerald R. Babin and against Beryl Corcel-ler Babin maintaining the exception of lis pendens dismissing her petition for divorce; in the judgment of March 5, 1981, we annul and set aside the finding concerning fault, we amend the award for alimony for Beryl Cor-celler Babin to terminate 30 days from March 19, 1981, we affirm the award for child support and visitation, and the balance of that judgment is affirmed. The cost of this appeal shall be borne by Gerald R. Babin.
Babin v. Babin, supra at 1141.

. The judgment of September 9, 1986 recited the date of the previous judgment as March 5, 1981; however, clearly the correct date is June 20, 1985, which is the date appearing in the judgment denying a new trial.

. A brief filed by the appellee at the end of the day before our hearing failed to address the issues raised and merely supported a motion to dismiss. This court denied the motion.