DUFRESNE, Judge.
This is an appeal by Harry Cabral, Jr., defendant-appellant, from a judgment for past due alimony, pendente lite. We reverse.
The August, 1984, judgment under which this alimony was fixed was vacated by this court in an unpublished opinion of June 3, 1985, on the grounds that the wife had never petitioned for such relief; but rather the husband had filed the rule to fix the alimony. Two days later, on June 5th, the wife filed a rule to fix alimony, asking that it be made retroactive to 1984. On April 28, 1986, the wife was awarded alimony pendente lite, but the trial judge made the award retroactive only to January 1, 1986, noting that the husband had suffered debilitating cancer surgery in 1985. On appeal, this court affirmed both the award and its commencement on January 1, 1986, Cabral v. Cabral, 503 So.2d 144 (La.App. 5th Cir.1987).
In the matter before us, the wife alleged that the husband failed to pay some ten thousand dollars of the alimony pendente lite ordered by the August, 1984 judgment. She urges that although that judgment was vacated on appeal in June, 1985, he was liable for these payments until the date that appellate judgment became final, and cites Babin v. Babin, 511 So.2d 835 (La.App. 5th Cir.1987), in support of this argument.
We decline to follow Babin in this matter for several reasons. First, Babin is distinguishable from the present case, because there the wife had in fact petitioned for alimony pendente lite. Second, the actual dispute before the appellate court was whether the unappealed and thus final judgment for arrearages had been obtained by fraud or ill practices, and was thus a nullity under La.Code Civ.Pro., art. 2004. The trial judge ruled that the prior judgment was tainted, and so set it aside. The appellate court held otherwise, and therefore reinstated the judgment for arrearag-es. Although the opinion addressed the question of whether the prior judgment for arrearages was correct, that issue was not before the court, and that language is simply dictum.
We also point out that in her pleadings of June 5, 1985, the wife sought alimony pen-dente lite retroactive to 1984. The trial judge rejected this demand, and commenced alimony at a much later date because of the husband’s health problems, and this court affirmed that judgment, Cabral v. Cabral, supra. Finally, in the com- *960 pamon opinion in Cabral v. Cabral, rendered this day, 543 So.2d 952, we have carefully reviewed the financial situation of both parties after partition of the community. With all of these circumstances in mind, we conclude that the judgment for arrearages in the present case should be reversed and set aside, La.Code Civ.Pro. art. 2164.
All costs of this appeal to be shared equally by the parties.
REVERSED.
BOWES, J., concurs.