M. JOSEPH TIEMANN, Judge Pro Tempore.
This is a dispute involving arrearages for alimony pendente lite and credit for payment of community debts.
Betty Daigrepont Russell, plaintiff, and Charles J. Russell, defendant, were granted judicial separation on November 10, 1986. By a consent judgment rendered on December 3, 1986, defendant agreed to pay $250.00 per month alimony pendente lite and $600.00 a month to be applied by plaintiff to community debts. On January 29, 1988, after a hearing, the district court pronounced a judgment of divorce, however, this judgment was never reduced to writing and signed by the district court. On October 14, 1988, plaintiff filed a rule for contempt alleging non-payment of both alimony pendente lite and the monthly sum to be applied to the community debt (which plaintiff referred to as “additional sum of support”). The contempt rule was heard on November 29, 1988 at which time it was brought to the district court’s attention that a signed judgment of divorce was not present in the record. On December 16, 1988, the district court rendered and signed the following judgment:
IT IS ORDERED, ADJUDGED AND DECREED that CHARLES RUSSELL, JR., is found to be in arrears in his alimony payments in the amount of two thousand five hundred dollars ($2,500), covering the period from April, 1987, through January, 1988. Accordingly, there is judgment herein in favor of BETTY DAIGREPONT RUSSELL and against CHARLES RUSSELL, JR. in the amount of TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500) which amount is made executory immediately.
IT IS FURTHER ORDERED that BETTY DAIGREPONT RUSSELL be given credit in the community property settlement for payment of community debts from April, 1987 through November, 1988.
IT IS FURTHER ORDERED that CHARLES RUSSELL, JR. is to begin paying six hundred dollars ($600.00) per month on the community debts immediately.
A judgment of divorce was signed by the district court on December 1, 1988.
Plaintiff filed this appeal from the December 16th judgment alleging three specifications of error:
1. The District Court erred in refusing to grant unto Betty Daigrepont Russell *423 alimony arrearages through the date the divorce was final.
2. The District Court erred in not granting Betty Daigrepont Russell a money judgment for the support that Charles J. Russell, Jr. was ordered to pay on a monthly basis, amounting to one-half of the community bills.
3. The District Court erred in not granting interest on all sums from the date that each sum came due.
Finding merit in plaintiffs specifications, we amend the trial court’s ruling.
In Cassidy v. Cassidy, 477 So.2d 84 (La.1985) the Louisiana Supreme Court held that alimony pendente lite continues until a divorce becomes final:
Alimony pendente lite arises from the obligation of one spouse to support the other during the pendency of the marriage, as set out in C.C. 119 and 120. Holliday v. Holliday, 358 So.2d 618, 620 (La.1978). It does not depend on the merits of the suit for separation or divorce, or upon the actual or prospective outcome of the suit. Holliday v. Holli-day, supra. As such, this support does not terminate until a final divorce. Golson v. Golson, 351 So.2d 100, 101 (La. 1977). In this sense, “final divorce” properly must be understood as a definitive judgment of divorce. A definitive judgment is one that has acquired the authority of the thing adjudged. C.C.P. 1842.
Cassidy v. Cassidy, supra, at 85.
See also Babin v. Babin, 511 So.2d 835 (La.App. 5th Cir.1987). Every final judgment shall be signed by the judge. C.C.P. art. 1911.
Here, the judgment of divorce was not signed until December 1, 1988. No appeal was taken from that judgment, therefore the divorce was final on that day and not on January 29, 1988 when it was pronounced in open court. Defendant’s obligation to pay alimony pendente lite did not terminate until December 1, 1988 when the divorce became final. George v. George, 347 So.2d 927 (La.App. 3d Cir.1977). Accordingly, we find that plaintiff was enti-tied to alimony pendente lite until December 1, 1988 when the judgment of divorce was signed by the district court.
Plaintiff alleges that defendant’s payment of $600.00 a month is tantamount to an additional support payment and therefore the district court erred in holding that she was entitled only to a credit in the community property settlement instead of awarding her arrearages. Support for plaintiff’s argument is found in Alario v. Alario, 506 So.2d 190 (La.App. 5th Cir. 1987) where this Court stated that district court’s order to pay a second mortgage note is analogous to alimony and/or child support. As in Alario, we construe defendant’s agreement to pay an additional $600.00 a month to plaintiff, to be used by her to pay community debts pending dissolution of the community, as additional alimony.
Having determined that defendant’s obligation to pay $600.00 a month constitutes an additional payment for support, we next consider whether the district court erred in ordering that plaintiff be given a credit for the amount past due in the community property settlement. LSA-C.C.P. art. 3945 provides that: “When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony.” This article does not leave any discretion as to whether or not a money judgment is to be awarded for past due alimony once there is proof that payments are in arrears. Here, defendant admits that he made no payments for twenty months. We find that the district court erred in awarding plaintiff a credit in the community settlement rather than a money judgment for the amount past due.
Although the December 3, 1986 consent judgment is silent on the matter of interest, plaintiff is entitled to interest on each alimony payment beginning from the date when each payment was due. Caire *424 v. Caire, 452 So.2d 194 (La.App. 4th Cir. 1984). See also Serrate v. Serrate, 472 So.2d 137 (La.App. 5th Cir. 1985). As the payment of $600.00 monthly to be applied to community debts is considered as additional alimony, plaintiff is also entitled to interest on each payment from the time when each became due.
For the reasons assigned above, the district court’s judgment of December 16, 1988 is affirmed as amended, the plaintiff being entitled to a money judgment for the amount past due, with interest.
AFFIRMED AS AMENDED.