SCHOTT, Chief Judge.
The issue in this case is whether a spouse is entitled to collect alimony penden-te lite which accrued between the date of the hearing on the divorce and the date the judgment of divorce was signed. Verlin J. Dix, appellee, initiated these domestic proceedings in October 1988 with a suit for a separation. Mrs. Dix, appellant, reconvened for a divorce based upon adultery and sought child support and alimony pen-dente lite. In January, 1989 the trial court ordered appellee to pay appellant alimony pendente lite in the amount of $250 per week plus $900 per month commencing on December 16, 1988 “and to continue until further orders of the court.” On April 13, 1989 the case came to trial on the merits. Other than some limited testimony with respect to appellant’s case for a divorce, the transcript consists of various stipulations with respect to a division of community property. The family business was assigned to appellant. At the beginning of this hearing the following colloquy took place:
MS. CHARLES
We’re here for divorce. Judge has decided that child support will be $250.00, but we have until we can determine what your income is running the business.
THE COURT:
The interim order — you’re ordered to come back in two months, once you have been in the business and you have been there for a while and you determine what your income is.
At the conclusion of the hearing the case was submitted, but a judgment granting appellant a divorce was not signed until July 18, 1989.
On August 13, 1989 appellant filed a motion to make past due alimony pendente lite executory under the provisions of C.C.P. art. 3945. She sought a judgment for the payments which became due between the date of the hearing on April 13, 1989 and the date when the judgment of divorce was signed on July 18, 1989.
The motion was heard on October 4,1989 and was dismissed by the court on October 16, 1990. The court gave the following reasons for judgment:
On April 13, 1989 the parties appeared in Court to effectuate a divorce. Various stipulations were dictated into the record. Among those stipulations were that Verlin Dix would pay $250.00 per month child support, and that Ernestine Dix would take possession of the family business at the earliest practical moment. Mrs. Dix was to receive the income from *740 the family business which was being placed under her control.
When Mrs. Dix would receive the business and the income therefrom she would no longer need alimony pendente lite.
Justice would dictate that mover’s motion be denied.
Alimony pendente lite continues until a divorce becomes final. Cassidy v. Cassidy, 477 So.2d 84 (La.1985); Russell v. Russell, 549 So.2d 421 (La.App. 5th Cir.1989), writ denied, 552 So.2d 381. For a judgment to become final it must be signed. C.C.P. art. 1911. In the Russell case the court held that the wife was entitled to arrearages accruing between January 1988 when, after a hearing, the district court “pronounced” a judgment of divorce and December 1, 1988 when a judgment was finally signed.
In the present case appellee’s former attorney, John Exnicios, filed a memorandum in the trial court in March 1990 in which he recited that on April 21, 1989 following the hearing of April 13, 1989 the parties and their attorneys met to complete the settlement of the community; appellant’s attorney advised appellee’s that she would prepare and file a final judgment; but in June she advised Exnicios that she would not whereupon he undertook to get the judgment signed. Exnicios argued that the “clear intention” of the parties was to terminate alimony pendente lite when appellant took over the community business. In this court appellee, now pro se, makes the same argument.
We have considered whether the judgment could be affirmed on the theory that the parties entered into an oral agreement to terminate the alimony when appellant took over the business. While such an agreement would be enforceable, the evidence of it must be convincing. Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Carter v. Carter, 464 So.2d 799 (La.App. 5th Cir.1985), writ denied 466 So.2d 471. There is no evidence in the record to support appel-lee’s position because none was taken at the October 1989 hearing on appellant’s rule to make past due alimony executory. A memorandum of counsel does not provide evidence, only argument. In the final analysis the record before us absolutely entitles appellant to judgment making this alimony executory, and nothing other than unsupported argument by appellee and his former counsel supports the judgment of the trial court.
Accordingly, the judgment of the trial court is reversed and set aside, and appellant is entitled to a judgment for the amount of alimony pendente lite which became due until July 18, 1989 with legal interest on each payment from the date it became due until it is paid. All costs are taxed against appellee.
REVERSED AND RENDERED.