J2CANNELLA, Judge.
Hardy Ray Jordan appeals from the trial court ruling in this child support matter, granting Wendy Jordan’s exception of res judicata. For the reason which follow, we reverse and remand.
The parties were married in 1983. One child was born of the marriage, Hardy Ray Jordan, Jr. In April of 1987, the parties separated. By judgment dated July 14,1987, Mr. Jordan was ordered to pay temporary child support in the amount of $425 per month. On January 8, 1992, Mrs. Jordan filed a petition for divorce, stating that the parties were separated in 1987 and had not reconciled. She asked for custody of the minor child and asserted that the parties had agreed on child support in the amount of $425 per month. On March 23, 1992, Mrs. Jordan filed a motion to have a curator appointed to represent Mr. Jordan, alleging that she had not received a response to her certified mail and that she had no contact with Mr. Jordan for over 5 years. A curator was appointed 13and an answer was filed on Mr. Jordan’s behalf by the curator. On April 27, 1992, following a hearing, the trial court signed a judgment in favor of Mrs. Jordan granting the divorce, awarding her custody of the minor child and awarding permanent child support in the amount of $425 per month.
One year later, on April 27, 1993, Mr. Jordan filed a Petition for Nullity of Judgment and to Reestablish Visitation Rights. Therein he alleged that he and Mrs. Jordan reconciled for a 6 month period between April of 1989 and October of 1989. He further stated that any assertions Mrs. Jordan made to the contrary in her divorce and child support action were false and fraudulent. Finally, he argued that he was never contacted by the curator or served with the petition, that he did not agree to child support in the amount of $425 per month, and that the trial court had no jurisdiction over him to set child support. He, therefore, prayed that the child support judgment dated April 27, 1992 against him be annulled. He also requested that the child support judgment dated July 14, 1987 be rendered null and void as of the date of the reconciliation. Finally, he asked that specific visitation be set.
It appears from the record that no further action was taken in the matter until July 25, 1997, when Mr. Jordan filed a Rule to Show Cause why the April 27, 1992 judgment should not be annulled as it relates to child support. On July 31,1997, Mrs. Jordan filed a Motion for Past Due Child Support, Motion for Executory Judgment, Motion for Contempt and Attorney’s Fees. She also filed several exceptions to Mr. Jordan’s Petition for Nullity. Specifically, on December '1, 1997, Mrs. Jordan filed an Exception of Res Judicata. The trial court granted the res judicata exception and dismissed Mr. Jordan’s Petition for Nullity. It is from this action by the trial court that Mr. Jordan appeals.
|4On appeal, Mr. Jordan’s primary argument in brief, as it was in the trial court, concerns the effect of reconciliation on a child support judgment. It is on that point that the res judicata exception was grounded. Mrs. Jordan argued that the reconciliation issue was res judicata, having been decided by the divorce judgment which Mr. Jordan is not contesting. She relies on the case of Carter v. Carter, 464 So.2d 799 ( La.App. 5th Cir.1985) in support of her argument.
*1226 However, we find that Mrs. Jordan’s arguments, as well as the trial court action in granting the res judicata exception, are in error as applied to the facts of this case.
Civilian res judicata applies only to issues actually raised for decision by the parties and actually decided by the court. Williams v. Divittoria, E.D.La.1991, 760 F.Supp. 564. The doctrine requires the existence of three “identities” between the previous and subsequent suits: (1) the thing demanded must be the same; (2) the cause of action must be the same; and (3) the same parties must be appearing in the same capacity. Terrebonne v. Theriot, 94-1632 ( La. App. 1st Cir. 6/23/95), 657 So.2d 1358, rehearing denied, writ denied, 95-2249 (La.11/27/95), 663 So.2d 743.
After reviewing the record in this case, we find that the facts and circumstances presented herein do not come within the ambit of res judicata principles. The issues involved in the nullity action have not been previously raised, considered and decided by the trial court and there is no identity in the thing demanded or in the cause of action.
In the nullity action, Mr. Jordan is before the trial court requesting that the April 27, 1992 child support award be declared null. He contends that the award was gained through fraudulent means, i.e., Mrs. Jordan’s knowing misstatement lsof the facts, where she denied any reconciliation or contact with Mr. Jordan for more than 5 years. He also asserts that while the trial court may have had jurisdiction to render a judgment of divorce and child custody, the trial court had no jurisdiction over Mr. Jordan to render a child support judgment against him in his absence without, as he alleges, proper service. He also requests that the July 14,1987 child support award be annulled as of the date of the reconciliation.
The issues raised in the nullity action have not been previously decided by the trial court. The April 27, 1992 judgment granted a divorce to the parties and set permanent child support in the amount of $425 per month. The child support judgment was not made retroactive. Also, the requirements to obtain a divorce at that time only entailed proof that the parties had been living separate and apart for a period of 6 months or more prior to filing the petition.[1] Thus, any issues surrounding the effect of the 6 month reconciliation between the parties in 1989 were not raised, considered or decided by the trial court in rendering judgment on the divorce or on the child support award.
The Carter case, relied on by Mrs. Jordan in support of her res judicata exception is distinguishable from the case at bar on this basis. The reconciliation issue was relevant to and considered in the Carter divorce action whereas it was not considered in this case.
In Carter, following entry of a divorce judgment, the defendant was attempting to defeat an action for past due alimony pen-dante lite based on the defense of reconciliation. The trial court refused to allow defendant to assert the reconciliation defense. The trial court disallowed the defense finding that defendant could not make such a collateral attack on the divorce judgment against 1 f,the rule for execution of judgment and, instead, had to file a nullity action. The court of appeal affirmed the trial court ruling noting that the divorce judgment had finally decided the reconciliation issue and, under res judicata principles, it could not be raised again.
Carter is distinguishable because in Carter, under the divorce law applicable at that time, the reconciliation issue was directly relevant to the question of whether the parties were entitled to a divorce and so the issue had been previously decided by the court.[2] To the contrary, however, in this case the reconciliation issue was not relevant to the divorce and so it has not been previously considered or decided by the court.
*1227 Therefore, we find that, because the allegations contained in Mr. Jordan’s nullity action have not been previously raised, considered and decided by the trial court, the nullity action was not properly dismissed on an exception of res judicata.[3]
Accordingly, for the reasons stated above, the ruling by the trial court, granting Mrs. Jordan’s exception of Res Judicata is reversed, vacated and set aside and the ease is remanded for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.

. La. C.C. art. 103(1) as effective on April 27, 1992 when the divorce judgment was signed.

. The Carter divorce was granted on the ground that there had been no reconciliation between the spouses from "the date the judgment of separation from bed and board was signed.” La. R.S. 9:302 as effective in 1985.

. There were numerous other exceptions filed in response to Mr. Jordan's nullity action which have not been addressed or ruled on by the trial court and, accordingly, have not been considered in this appeal.