| .MARION F. EDWARDS, Judge.
Defendant/Appellant, Ronna Wood, appeals the confirmation of a default judgment rendered in favor of the plaintiff, John Klotz. We reverse the judgment and remand the matter to the trial court.
On May 21, 2000, John Klotz, (“Klotz”), contacted Ronna Wood, (“Wood”), and began negotiations to purchase a bar that Wood owned. To prevent a sale of the bar to third parties, Klotz tendered a $10,000.00 check to Wood as a deposit. Klotz failed to appear at the act of sale, and his $10,000.00 check could not be cashed because of insufficient funds; however, in spite of these occurrences, Klotz still expressed an interest in buying the business. In a second effort to purchase the bar, Klotz signed over to Wood title to his vehicle, a 1995 Land Rover Truck, as a deposit on the bar’s sale price. On June 6, 2000, the act of sale once again failed to *932 take place. As a result, on June 7, 2000, Wood had the title of Klotz’s truck put into her name at the Department of Motor Vehicles. Wood also successfully arranged for the Jefferson Parish Sheriffs Office to meet |aher at Klotz’s residence to retrieve the truck, which Wood sold for cash one week later.
On June 12, 2000, Klotz filed a Petition for Conversion of Property and for Writ of Attachment. On June 19, 2000, Klotz also filed a Rule to Produce Vehicle. On October 5, 2000, the Honorable Robert J. Burns, pro tempore, heard Klotz’s Rule To Produce Vehicle and took the matter under advisement. On October 31, 2000, the Honorable Greg Guidry issued a judgment in favor of Wood, denying Klotz’s Rule to Produce Vehicle.
On January 16, 2001, Klotz confirmed a preliminary default against Wood on his petition for Conversion of Property, obtaining a judgment of $17,924.90. Wood timely filed this appeal.
LAW AND ANALYSIS
In her first assignment of error, Wood asserts that the trial court erred in allowing Klotz to confirm the default judgment, arguing that the same issues had become res judicata by virtue of the trial court’s judgment issued on October 31, 2000.
Effective January 1, 1991, the legislature amended the article governing res judicata and adopted the principle of issue preclusion. LSA-R.S. 13:4231, which sets forth the doctrine of res judicata, provides, in pertinent part, as follows:
Except as otherwise provided by law, a valid and. final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
LSA C.C.P. Art. 1841 provides that, “A judgment that determines the merits in Lwhole or in part is a final judgment.”
In Jordan v. Jordan,[1] this court noted:
Civilian res judicata applies only to issues actually raised for decision by the parties and actually decided by the court. The doctrine requires the existence of three “identities” between the previous and subsequent suits: (1) the thing demanded must be the same; (2) the cause of action must be the same; and (3) the same parties must be appearing in the same capacity. [Citations omitted].
Pursuant to LSA-R.S. 13:4231, we first address the issue of whether the October 31, 2000, judgment should be classified as a valid and final ruling on the merits of the case. Wood argues that Klotz’s Rule To Produce Vehicle resulted in a final judgment because it presented the same cause of action and requested identical relief against the same party as the Petition for Conversion of Property, namely, return or the vehicle, or the monetary value of the vehicle. Wood further asserts that by seeking identical relief in his Rule to Produce Vehicle, Klotz transformed an ordinary proceeding into a summary proceeding on the issue of who owned the truck. Wood concludes that the trial court’s judgment of October 31, 2000, effectively and conclusively answers the question of the truck’s ownership her favor.
The judgment of the trial court does not contain x-easons for its ruling in Wood’s favor, nor does it explicitly state a resolu *933 tion to the question of who owns the truck. The Louisiana Supreme Court held in Rodrigue v. Ziifle,[2] however:
In the construction of an ambiguous judgment, resort may be had to the entire record to aid in arriving at its meaning. The principle is correctly stated in 46 Am. Jur.2d, Judgments, s 76, p. 364, as follows:
‘A judgment which is ambiguous and uncertain may be read in connection with the entire record and construed accordingly.’
[Citations omitted].
|fiA review of the record shows that Klotz, in a Supplemental Memorandum In Support Of Rule To Produce Vehicle, and at the hearing on the rule did, in fact, petition the trial court for the return of the vehicle, and/or the monetary value of the vehicle. In this case, it is clear that the trial court’s judgment of October 31, 2000, denied Klotz’s prayer for relief on the issue of either receiving the truck itself or the monetary equivalent. A reading of the record shows that at the hearing on the rule, the trial court inquired as to why Klotz could claim that Wood had no right to sell the vehicle when he had clearly, in proper form, transferred title of the vehicle to her. Wood contended that the car had been put up as nonrefundable “earnest money” that reverted to Wood when Klotz failed to fulfill his obligation of purchasing her business. Klotz argued that the truck was a deposit that should have been returned when Wood allegedly changed the terms upon which the purchase price would be paid. In the following exchange between the court and counsel for Klotz, however, the court appears to give more credence to Wood’s version of events:
THE COURT:
She’s then, it seems to me, vested with title to that Land Rover, She seems to own it at that point.
MR. KLOTZ:
She doesn’t own it, Your Honor. When he asked for it back — Because according to the Hampton versus Hibernia Bank case, when the owner gives permission to take title to the property, he must terminate that possession by requesting return of the property before the continued possession by the non-owner will constitute a conversion. That’s in the Security Home Mortgage case.
THE COURT:
But that assumes that she’s the non-owner. When he signs the back of it, she’s not the owner?
| fiThough not explicitly stated in the October 31, 2000 judgment, a reading of the record suggests that the trial court’s ruling was based on a finding that Wood was the true owner of the truck. This conclusion can also be logically inferred from the fact that the court denied Klotz any relief in his Rule To Produce Vehicle. It is our opinion that the court’s October 31, 2000, judgment made the issue of the truck’s ownership conclusive, as anticipated by LSA-R.S. 13:4231.
On January 16, 2001, Klotz once again appeared before the trial court, this time to confirm a default judgment against Wood, the identical defendant. The relief requested at the hearing on the default was nearly identical to that which Klotz had requested, and was ultimately denied, at the October 5th hearing, specifically: 1) a return of the vehicle, or; 2) the value of the vehicle. Additionally, Klotz asked for damages for insurance that he purchased on the vehicle, damages for mental anguish, inconvenience, and loss of use; how *934 ever, the trial court did award these in' the default judgment. In light of our conclusions, discussed above, it is our opinion that because this second proceeding by Klotz was initiated against the identical defendant for the same cause of action, or demand, Klotz should not have been able to recover, as the issue of the truck’s ownership was res judicata. Accordingly, we will pretermit a discussion on Woods’ remaining assignments that the default was obtained by fraud and ill practices and that Klotz did not establish a prima facie case at the hearing on the default.
For the foregoing reasons, the judgement of default is hereby reversed and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. 98-497 (La.App. 5th Cir. 10/28/98), 720 So.2d 1224.

. 288 So.2d 630 (La.1974).